## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | |
|---|---|
| **AAROW ELECTRICAL SOLUTIONS, LLC,** | * |
| **Plaintiff,** | * |
| **v.** | *  **Case No.: GJH-22-2363** |
| | * |
| **TRICORE SYSTEMS, LLC,** *et al.,* | * |
| **Defendant.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Aarow Electrical Solutions, LLC ("Aarow") brings this action alleging Misappropriation of Trade Secrets under federal and state law, Breach of Fiduciary Duty, Unfair Competition, Civil Conspiracy and Tortious Interference of Contract against Defendant Tricore Systems, LLC, ("Tricore") and certain of its individual employees, Anthony Reyes, Candace Santos, Jonathon Steele, John Taylor, Chad Tippett and Nathan Velozo (the "Individual Defendants," and with Tricore collectively, "Defendants"). ECF No. 1. Pending before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 2. A hearing was conducted on September 20, 2022. For the foregoing reasons, Plaintiff's Motion is Granted.

A plaintiff seeking a temporary restraining order or preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Beginning with likelihood of success on the merits, Plaintiff has, at the very least, established that it is likely to succeed on the merits of its claims for Breach of Fiduciary Duty, Misappropriation of Trade Secrets, and Civil Conspiracy.

Under Maryland law, every contract of employment contains an "implied duty that an employee act solely for the benefit of his employer in all matters within the scope of employment, avoiding all conflicts between his duty to the employer and his own self-interest." *EndoSurg Med., Inc. v. EndoMaster, Med., Inc*., 71 F. Supp. 3d 525, 556 (D. Md. 2014). An employee may be liable for a breach of fiduciary duty if he or she commits a "fraudulent, unfair, or otherwise wrongful act such as misappropriation of trade secrets, conspiracy to bring about mass resignation of key employees or interference with an employer's business opportunities." *Id*. To establish civil conspiracy, Plaintiff must show: (1) a confederation of two or more persons by agreement or understanding, (2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal, and (3) actual legal damage resulting to the plaintiff. *White v. City of Annapolis,* 439 F. Supp. 3d 522, 546 (D. Md. 2020).

Finally, to establish a claim for Misappropriation of Trade Secrets, Plaintiff must demonstrate that: (1) they own a trade secret; (2) the trade secret was misappropriated; and (3) the trade secret implicates interstate or foreign commerce. 18 U.S.C. § 1836; Md. Code Ann., Com. Law § 11-1202. "Information about potential customers and their buying habits, a competitor's pricing, business strategies, and vendors is a windfall, granting the recipient a key to undercut the competition's pricing, outbid their vendor contracts, and attract their customers." *Albert S. Smyth Co., Inc. v. Motes*, No. CV CCB-17-677, 2018 WL 3635024, at *4 (D. Md. July 31, 2018). Thus, items such as pricing, can be considered trade secrets. *Id*.

2

Here, in sum, Plaintiff alleges that the Individual Defendants used various means to effectively steal a substantial part of its business and move it to Tricore. In addition to the evidence in support of its claim submitted through sworn affidavit prior to the hearing, at Plaintiff's request, the Court heard testimony from three live witnesses. Of greatest significance, Defendant Steele testified and acknowledged that when he had already begun working at Tricore, he received Plaintiff Aarow's project price proposals from Defendant Reyes, who was still working at Plaintiff Arrow, and used those documents in creating proposals for Tricore; proposals which, other than the title of the company, were identical when submitted. Thus, as to these two proposals, identified in Court as the Kaiser Permanente Ashburn Emergency Lighting project and the Kaiser Permanente Manassas Nurse Call project, Defendant Reyes breached his fiduciary duty to his employer, Plaintiff Arrow, and Defendants Steele and Tricore conspired with him to do so and Plaintiff's trade secrets, which were marked confidential, were misappropriated.

In its Motion, Plaintiff identifies seven other projects wherein it claims that it had submitted or was preparing to submit proposals and it alleges that Individual Defendants, primarily Steele and Reyes, took measures to advance the ability of Tricore to attract the business to Plaintiff's detriment, all while one or both of Steele and Reyes was still employed by Plaintiff. Additionally, evidence at the hearing demonstrated that on a number of occasions, Defendant Steele sent documents belonging to Plaintiff to his personal email address for use at Tricore. At the hearing, Defendant appeared to concede that the two Kaiser projects identified above were indicative of breaches of fiduciary duty while still contending that these additional facts and allegations related to other projects and customers were not sufficient to establish likelihood of success and, thus, any remedy imposed by the Court at this point should be limited

to addressing the two breaches conclusively established. The Court disagrees. To the extent that in a brief hearing, with limited discovery, Plaintiff was able to establish through the testimony of one of the Defendants, activity that even counsel for Defendant's concedes establishes a "colorable claim of breach of fiduciary duty," it lends credence to the otherwise circumstantial evidence of additional breaches. It is to say that in this case, it appears, thus far, that where there is smoke there is indeed a fire.

Thus, the Court concludes that for eight of the nine projects identified in Plaintiff's memorandum at ECF No. 2-1 at 20–29,[1] the Plaintiff has established a likelihood of success that Defendant Reyes breached his fiduciary duty, Plaintiff's trade secrets were misappropriated, and the remaining defendants engaged in a civil conspiracy as to those violations of law.

Turning to irreparable harm, "when the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable harm prong is satisfied." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 552 (4th Cir. 1994). Plaintiff has submitted evidence through affidavits that Defendants convinced clients to breach its contracts with them and contends that such harm is ongoing and irreparable if Defendants are allowed to continue to make use of material taken from Aarow. Thus, this prong is satisfied.

In balancing the equities, Defendants note that an injunction consistent with the request of Plaintiffs would require them to breach contracts they have already entered, causing harm to third-parties as well as Defendants. However, this point ignores that fact that these contracts were obtained through conduct that the Court has decided Plaintiff will likely be able to establish breach of fiduciary duty and misappropriation of trade secrets. In light of this concern, however,

---

[1] The Court does not, at this point, find sufficient evidence related to the CIA Old Headquarters Project.

the Court's Order will permit Defendants to continue work on projects already started for a period of two weeks to allow time for customers to transition.

Finally, the public interest clearly weighs in favor of prohibiting the sort of surreptitious business practices that have already been demonstrated.

Therefore, for the reasons stated herein, it is this 21st day of September 2022 hereby:

**ORDERED** that the Motion for Temporary Restraining Order, ECF No. 2, is GRANTED; and it is further

**ORDERED** that the Defendants are enjoined and restrained as follows for a term of 14 days:

1. Enjoined Projects are defined as the following:

   Kaiser Permanente Ashburn Emergency Lighting
   Kaiser Permanente Manassas Nurse Call
   Kaiser Permanente Silver Spring Switchgear
   Kaiser Permanente Shady Grove Lighting, Motion Sensor and UPS Renewals
   NTI 8340 Helgerman Court
   D.C Department of Health Reunion Square at 2201 Shannon Place, SE
   DGS Office of People's Counsel
   DGS Daly

2. The Individual Defendants are enjoined from having any communications or interactions regarding Tricore's electrical services with any customer involved in the Enjoined Projects except as specified in paragraph 7.

3. The Individual Defendants are enjoined from performing any further electrical work on any of the Enjoined Projects except as specified in paragraph 7.

4. Tricore is enjoined from having any communications or interactions regarding Tricore's electrical services with any customer involved in the Enjoined Projects except as specified in paragraph 7.

5. Tricore is enjoined from performing any further electrical work on any of the Enjoined Projects except as specified in paragraph 7.

6. All defendants are enjoined from performing any further work on any construction projects obtained by using or referencing Aarow's trade secrets or confidential information except as specified in paragraph 7. This includes but is not limited to the Enjoined Projects.

7. Tricore is required to communicate in writing within 24 hours of the Court's order with each customer involved in the Enjoined Projects for whom Tricore is actively performing electrical work, stating Tricore may only continue servicing such clients for a period of two further weeks.

8. Tricore is required to stop further work with each customer involved in the Enjoined Projects for whom Tricore is actively performing work within two weeks of sending the communication set forth above.

9. All Defendants are enjoined from conspiring or agreeing to engage in any activity hereby enjoined, for the benefit of Tricore

10. All Defendants are required to preserve and return to Aarow all electronic devices and physical property belonging to or containing information belonging to Aarow

11. All Defendants are required turn over to Aarow's ESI team within 24 hours of the Court's order all media that has been used to store or discus Aarow trade secrets or proprietary information, including but not limited cell phones and Tricore computers

12. All Defendants are enjoined from accessing, using, disclosing, or disseminating Aarow Trade Secrets or confidential information, including all information related to the projects set forth on Memorandum **Exhibit "C38"**

13. Plaintiffs shall post a bond in the amount of $81,000, which reflects ten percent of the contract value for contracts the court is aware will be impacted by the Court's ruling.


Entered at 12:47pm on 9/21/2022

                                      /s/
                                    GEORGE J. HAZEL
                                    United States District Judge