EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,     *

       Plaintiff,                           *

                                              CIVIL NO.: 8:22-cv-02363-GJH

v.                                      *

TRICORE SYSTEMS, LLC, *et al.*,         *

       Defendants.                    *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, ANTHONY REYES'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:         Defendant, Anthony Reyes

FROM:     Plaintiff, Aarow Electrical Solutions, LLC

       Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel, responds to the Requests for Production of Documents propounded by Defendant, Anthony Reyes ("Mr. Reyes"), as follows:

<u>**GENERAL OBJECTIONS**</u>

       Aarow responds to each of the Requests subject to the General Objections set forth below. These General Objections form a part of each of Aarow's responses even though they may not be specifically referred to in every response to each Request. Failure to incorporate any of these General Objections into any specific response to a particular Request is not a waiver of that General Objection.

       1.      Aarow objects to each and every Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

1

2.      Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Mr. Reyes or is generally available to Mr. Reyes, on the grounds that such Requests are unduly burdensome and oppressive.

3.      Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.      Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.      Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.      Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.      Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.      Aarow objects to each and every Request to the extent that providing a response to the Request in light of Mr. Reyes's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.      Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

11.    These responses and objections are based upon information now known.  Aarow has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and, therefore, reserves the right to amend, modify, or supplement its responses and objection as set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All documents relating to the authorization, use, and/or return by or of Mr. Hummer of any Aarow laptop or other electronic device post termination of his employment with Aarow, including, but not limited to any agreements that Aarow entered into with respect to the use of such electronic devices.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 2:**    All documents relating to the authorization, use, and/or return by or of Mr. Reyes of any Aarow laptop or other electronic device post termination of his employment with Aarow.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 3:**    All documents relating to your claim that the Individual Defendants and/or Tricore engaged in unfair competition.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 4:**    All documents relating to your claim of unfair competition against Defendants.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 5:**    All documents relating to contracts or other business that Aarow contends it did not receive as a result of any wrongdoing by the Defendants.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 6:**    All documents relating to any contracts Aarow contends were terminated or cancelled or amended as a result of any wrongdoing by the Defendants.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 7:**   All documents relating to any noncompetition, nondisclosure or non-solicitation agreements to which the Individual Defendants are or were subject with respect to their employment with Aarow.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 8:**   All documents relating to the means by which Aarow took to keep its pricing confidential, including, but not limited to non-disclosure agreements.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 9:**   All documents relating to any correspondence with any of your clients or customers relating to the negotiation of a price as to a specific bid, including, but not limited to requests of clients or customers to match a certain price.

      **RESPONSE:**  Aarow objects to this request as unduly burdensome and overly broad as it is limited neither in time nor in a way that may lead only to relevant information.


Dated:  November 8, 2022                      /s/ Jeremy C.B. Wyatt_____
                                                           Jeremy C.B. Wyatt (#29715)
                                                           jwyatt@harrisonlawgroup.com

                                                           HARRISON LAW GROUP
                                                           40 W. Chesapeake Ave., Suite 600
                                                           Towson, Maryland 21204
                                                           (410) 832-0000

5

Counsel for Plaintiff,
Aarow Electrical Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff, Aarow Electrical Solutions, LLC's Responses to Defendant, Anthony Reyes's First Set of Requests for Production were served by first-class mail, postage prepaid upon the following:

David B. Hamilton, Esq.
Hillary V. Colonna, Esq.
Luke V. Cass, Esq.
Womble Bond Dickinson LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
david.hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com
Luke.Cass@wbd-us.com

Counsel for Defendant,
TriCore Systems, LLC

Gregory L. Arbogast
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202
garbogast@gebsmith.com

Counsel for Defendants

/s/ Jeremy C.B. Wyatt_____
Jeremy C.B. Wyatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,      \*

      Plaintiff,                      \*

                                CIVIL NO.: 8:22-cv-02363-GJH

v.                                   \*

TRICORE SYSTEMS, LLC, *et al*.,      \*

      Defendants.                 \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, CANDACE SANTOS'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:        Defendant, Candace Santos

FROM:     Plaintiff, Aarow Electrical Solutions, LLC

      Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel,
responds to the Requests for Production of Documents propounded by Defendant, Candace Santos
("Ms. Santos"), as follows:

<u>**GENERAL OBJECTIONS**</u>

      Aarow responds to each of the Requests subject to the General Objections set forth below.
These General Objections form a part of each of Aarow's responses even though they may not be
specifically referred to in every response to each Request.  Failure to incorporate any of these
General Objections into any specific response to a particular Request is not a waiver of that General
Objection.

      1.      Aarow objects to each and every Request to the extent that it calls for the disclosure
of information protected by the attorney-client privilege, the work-product doctrine, or any other
privilege.

2.      Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Ms. Santos or is generally available to Ms. Santos, on the grounds that such Requests are unduly burdensome and oppressive.

3.      Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.      Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.      Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.      Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.      Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.      Aarow objects to each and every Request to the extent that providing a response to the Request in light of Ms. Santos's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.      Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

11.     These responses and objections are based upon information now known.  Aarow has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and, therefore, reserves the right to amend, modify, or supplement its responses and objection as set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Any and all Subject Information that Aarow contends the Individual Defendants took or otherwise misappropriated or misused.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 2:**    Any and all documents relating to or supporting Aarow's claim that the Individual Defendants deleted or otherwise destroyed documents and evidence.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 3:**    Any and all records relating to Aarow's financials, project receipts (on a project-by-project, client-by-client basis, and customer-bycustomer basis), and the projected value of Aarow's contracts, relationships, reputation, and goodwill with its clients and customers and with its potential clients and customers that are alleged to have been damaged by Defendants' conduct for the time period beginning three years prior to August 23, 2022 until the present, including, but not limited to profit and loss statements, balance sheets, cash receipts, operating expense reports, projections and analyses.

**RESPONSE:**  Aarow objects to this Request as overly broad and unduly burdensome.  To

3

the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol. Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 4:**    Any and all documents relating to any communication and correspondence between you and HITT on and after May 26, 2022.

     **RESPONSE:**  Aarow objects to this Request as overly broad and unduly burdensome.  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 5:**    Any and all documents relating to any communication and correspondence between you and Kaiser Permanente on and after May 26, 2022.

     **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 6:**    Any and all documents relating to any monetary investment, employee or owner time, and/or training that Aarow made or otherwise put into developing and rendering the pricing in its quotes to customers or other contractors.

     **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 7:**    Any and all communications relating to or supporting the factual
allegations or claims at issue in this lawsuit between Aarow and the Individual Defendants
and/or the Individual Defendants' manager(s), and/or supervisor(s), and/or Aarow's human
resources representative(s).

    **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 8:**    Any and all documents relating to any internal communication and
correspondence regarding the Individual Defendants or with the Individual Defendants since
March 2022.

    **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 9:**    Any and all documents relating to the termination of Mr. Hummer's
employment.

    **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 10:**  Mr. Hummer's personnel file, in any form, maintained by Aarow, including files concerning Mr. Hummer maintained by Mr. Hummer's supervisor(s), manager(s), or Mr. Hummer's human resources representative(s).

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.


Dated:  November 8, 2022              /s/ Jeremy C.B. Wyatt
                                      Jeremy C.B. Wyatt (#29715)
                                      jwyatt@harrisonlawgroup.com

                                      HARRISON LAW GROUP
                                      40 W. Chesapeake Ave., Suite 600
                                      Towson, Maryland 21204
                                      (410) 832-0000

                                      Counsel for Plaintiff,
                                      Aarow Electrical Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff, Aarow Electrical Solutions, LLC's Responses to Defendant, Candace Santos's First Set of Requests for Production were served by first-class mail, postage prepaid upon the following:

David B. Hamilton, Esq.
Hillary V. Colonna, Esq.
Luke V. Cass, Esq.
Womble Bond Dickinson LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
david.hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com
Luke.Cass@wbd-us.com

Counsel for Defendant,
TriCore Systems, LLC

Gregory L. Arbogast
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202
garbogast@gebsmith.com

Counsel for Defendants

/s/ Jeremy C.B. Wyatt
Jeremy C.B. Wyatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,          *

     Plaintiff,          *

                                  CIVIL NO.: 8:22-cv-02363-GJH

v.          *

TRICORE SYSTEMS, LLC, *et al*.,          *

     Defendants.          *

*     *     *     *     *     *     *     *     *     *     *     *

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, JONATHON STEELE'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:       Defendant, Jonathon Steele

FROM:     Plaintiff, Aarow Electrical Solutions, LLC

     Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel, responds to the Requests for Production of Documents propounded by Defendant, Jonathon Steele ("Mr. Steele"), as follows:

<u>**GENERAL OBJECTIONS**</u>

     Aarow responds to each of the Requests subject to the General Objections set forth below. These General Objections form a part of each of Aarow's responses even though they may not be specifically referred to in every response to each Request. Failure to incorporate any of these General Objections into any specific response to a particular Request is not a waiver of that General Objection.

     1.     Aarow objects to each and every Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

1

2.      Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Mr. Steele or is generally available to Mr. Steele, on the grounds that such Requests are unduly burdensome and oppressive.

3.      Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.      Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.      Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.      Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.      Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.      Aarow objects to each and every Request to the extent that providing a response to the Request in light of Mr. Steele's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.      Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

11.    These responses and objections are based upon information now known.  Aarow

has not yet completed its investigation of the facts pertaining to this action and has not yet

completed its discovery or preparation for trial in this action and, therefore, reserves the right to

amend, modify, or supplement its responses and objection as set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Any and all documents (including fee agreements, reports,
correspondence, and electronic communications) provided to, received from, or prepared by each
expert witness that you intend to have testify at any trial or hearing in this matter and that pertain
to this matter.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 2:**    Any and all documents that you have received from a third party in
response to a subpoena, public information act request, freedom of information act request, or
other similar request to any third-party.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 3:**    Any and all documents that you intend to rely upon or introduce into
evidence in any trial or hearing in this lawsuit, including, but not limited to any hearing relating
to the Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 2].

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 4:**    Any and all documents that tend to support a position that you intend to
take at any trial or hearing in this matter, including, but not limited to any hearing relating to the
Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 2].

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 5:**    Any and all contracts and agreements by and between Arrow and any of
the Individual Defendants, including, but not limited to, any employment agreements.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 6:**    Any and all employee handbooks; codes of conduct; policies; and
procedures manuals; or rules to which you contend the Individual Defendants were bound to
while employed by Aarow.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 7:**    Any and all documents relating to the formation and termination, if any, of the employment relationship with any of the Individual Defendants.

      **RESPONSE:**    To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 8:**    Any and all documents relating to the job description(s) for the position(s) that the Individual Defendants held with Aarow.

      **RESPONSE:**    To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 9:**    Any and all documents relating to the Subject Information that Aarow contends the Individual Defendants misused or misappropriated, including, but not limited to, customer lists, company policies, pricing information and the like.

      **RESPONSE:**    To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 10:**  Any and all documents relating to or supporting your contention that Defendants took or otherwise misused the Subject Information.

      **RESPONSE:**    To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol. Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.


Dated:  November 8, 2022                     /s/ Jeremy C.B. Wyatt
                                             Jeremy C.B. Wyatt (#29715)
                                             jwyatt@harrisonlawgroup.com

                                             HARRISON LAW GROUP
                                             40 W. Chesapeake Ave., Suite 600
                                             Towson, Maryland 21204
                                             (410) 832-0000

                                             Counsel for Plaintiff,
                                             Aarow Electrical Solutions, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff,

Aarow Electrical Solutions, LLC's Responses to Defendant, Jonathon Steele's First Set of

Requests for Production were served by first-class mail, postage prepaid upon the following:

    David B. Hamilton, Esq.
    Hillary V. Colonna, Esq.
    Luke V. Cass, Esq.
    Womble Bond Dickinson LLP
    100 Light Street, 26th Floor
    Baltimore, MD 21202
    david.hamilton@wbd-us.com
    Hillary.Colonna@wbd-us.com
    Luke.Cass@wbd-us.com

    Counsel for Defendant,
    TriCore Systems, LLC

    Gregory L. Arbogast
    Gebhardt and Smith LLP
    One South Street, Suite 2200
    Baltimore, MD 21202
    garbogast@gebsmith.com

    Counsel for Defendants

                         /s/ Jeremy C.B. Wyatt
                         Jeremy C.B. Wyatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,   *

  Plaintiff,         *

                 CIVIL NO.: 8:22-cv-02363-GJH

v.              *

TRICORE SYSTEMS, LLC, *et al.*,    *

  Defendants.      *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, JOHN TAYLOR'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:   Defendant, John Taylor

FROM:  Plaintiff, Aarow Electrical Solutions, LLC

  Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel, responds to the Requests for Production of Documents propounded by Defendant, John Taylor ("Mr. Taylor"), as follows:

<u>**GENERAL OBJECTIONS**</u>

  Aarow responds to each of the Requests subject to the General Objections set forth below. These General Objections form a part of each of Aarow's responses even though they may not be specifically referred to in every response to each Request. Failure to incorporate any of these General Objections into any specific response to a particular Request is not a waiver of that General Objection.

  1.  Aarow objects to each and every Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

1

2.     Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Mr. Taylor or is generally available to Mr. Taylor, on the grounds that such Requests are unduly burdensome and oppressive.

3.     Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.     Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.     Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.     Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.     Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.     Aarow objects to each and every Request to the extent that providing a response to the Request in light of Mr. Taylor's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.     Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

11.     These responses and objections are based upon information now known.  Aarow has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and, therefore, reserves the right to amend, modify, or supplement its responses and objection as set forth herein.

### RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Any and all documents containing the name Power Services or that otherwise were created or used by Power Services.

**RESPONSE:**  Aarow objects to this Request as overly broad and unduly burdensome.  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 2:**   Any and all documents containing the name Power Concepts or that otherwise were created or used by Power Concepts.

**RESPONSE:**  Aarow objects to this Request as overly broad and unduly burdensome.  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 3:**   Any and all documents evidencing, comprising, or otherwise referring to documents that Aarow contends any of the Individual Defendants deleted.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol. Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 4:**    Any and all correspondence between Aarow and Mr. Steele and/or Mr.
Reyes regarding, evidencing, relating, or pertaining to the hiring of Mr. Steele and/or Mr. Reyes.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol. Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

Dated:  November 8, 2022                    /s/ Jeremy C.B. Wyatt
                                            Jeremy C.B. Wyatt (#29715)
                                            jwyatt@harrisonlawgroup.com

                                            HARRISON LAW GROUP
                                            40 W. Chesapeake Ave., Suite 600
                                            Towson, Maryland 21204
                                            (410) 832-0000

                                            Counsel for Plaintiff,
                                            Aarow Electrical Solutions, LLC

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff,

Aarow Electrical Solutions, LLC's Responses to Defendant, John Taylor's First Set of Requests

for Production were served by first-class mail, postage prepaid upon the following:

David B. Hamilton, Esq.
Hillary V. Colonna, Esq.
Luke V. Cass, Esq.
Womble Bond Dickinson LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
david.hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com
Luke.Cass@wbd-us.com

Counsel for Defendant,
TriCore Systems, LLC

Gregory L. Arbogast
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202
garbogast@gebsmith.com

Counsel for Defendants

/s/ Jeremy C.B. Wyatt
Jeremy C.B. Wyatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,     *

    Plaintiff,                   *

                                         CIVIL NO.: 8:22-cv-02363-GJH

v.                               *

TRICORE SYSTEMS, LLC, *et al*.,        *

    Defendants.           *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, CHAD TIPPETT'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:        Defendant, Chad Tippett

FROM:      Plaintiff, Aarow Electrical Solutions, LLC

      Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel, responds to the Requests for Production of Documents propounded by Defendant, Chad Tippett ("Mr. Tippett"), as follows:

<u>**GENERAL OBJECTIONS**</u>

      Aarow responds to each of the Requests subject to the General Objections set forth below. These General Objections form a part of each of Aarow's responses even though they may not be specifically referred to in every response to each Request. Failure to incorporate any of these General Objections into any specific response to a particular Request is not a waiver of that General Objection.

      1.     Aarow objects to each and every Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

2.      Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Mr. Tippett or is generally available to Mr. Tippett, on the grounds that such Requests are unduly burdensome and oppressive.

3.      Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.      Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.      Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.      Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.      Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.      Aarow objects to each and every Request to the extent that providing a response to the Request in light of Mr. Tippett's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.     Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

11.    These responses and objections are based upon information now known.  Aarow has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and, therefore, reserves the right to amend, modify, or supplement its responses and objection as set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Any and all documents relating to contracts for electrical work that Aarow has entered into on and after May 26, 2022 with HITT, Kaiser Permanente, or any other contractors or clients on whom the Individual Defendants worked.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 2:**    Any and all document(s) relating to or supporting any of Aarow's claims in the Complaint that have not otherwise been produced in response to any of the other Requests for Production of Documents that have been propounded by any of the Defendants.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 3:**    Any and all correspondence, notes, memos, reports, and documentation relating to any meeting, conversation, solicitation, or communication between any of the Individual Defendants and any clients or customers for which Aarow performs work after termination of the respective Individual Defendants' employment.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

3

non-work-product documents requested electronically via online file transfer protocol. Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 4:**    Any and all documents relating to any Employment Agreement signed or otherwise agreed to by any of the Individual Defendants with Aarow, including drafts of any such agreement.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol. Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 5:**    Any and all non-disclosure or other confidentiality agreement that you have entered into with any person or entity in the past four years.

**RESPONSE:**  Aarow is prohibited from releasing any such agreements.

**REQUEST NO. 6:**    Any and all documents relating to any restrictions that you have employed in the last three years to access any of Aarow's confidential information or trade secrets.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol. Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 7:**    Any and all documents relating to any of Aarow's trade secrets to which you contend the Individual Defendants had access after termination of their respective employments with Aarow.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 8:**    Any and all documents relating to communications between or among any
of the Defendants, including, but not limited to communication by an Individual Defendant to
himself or herself, such as an email from one account to another account owned or controlled by
that person.

   **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.


Dated:  November 8, 2022            /s/ Jeremy C.B. Wyatt_____
                                   Jeremy C.B. Wyatt (#29715)
                                   jwyatt@harrisonlawgroup.com

                                   HARRISON LAW GROUP
                                   40 W. Chesapeake Ave., Suite 600
                                   Towson, Maryland 21204
                                   (410) 832-0000

                                   Counsel for Plaintiff,
                                   Aarow Electrical Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff,

Aarow Electrical Solutions, LLC's Responses to Defendant, Chad Tippett's First Set of Requests

for Production were served by first-class mail, postage prepaid upon the following:

David B. Hamilton, Esq.
Hillary V. Colonna, Esq.
Luke V. Cass, Esq.
Womble Bond Dickinson LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
david.hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com
Luke.Cass@wbd-us.com

Counsel for Defendant,
TriCore Systems, LLC

Gregory L. Arbogast
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202
garbogast@gebsmith.com

Counsel for Defendants

/s/ Jeremy C.B. Wyatt
Jeremy C.B. Wyatt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,       *

     Plaintiff,                           *

                                           CIVIL NO.: 8:22-cv-02363-GJH

v.                                    *

TRICORE SYSTEMS, LLC, *et al*.,          *

     Defendants.                 *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF, AAROW ELECTRICAL SOLUTIONS, LLC'S RESPONSES TO
DEFENDANT, NATHAN VELOZO'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

TO:       Defendant, Nathan Velozo

FROM:     Plaintiff, Aarow Electrical Solutions, LLC

     Plaintiff, Aarow Electrical Solutions, LLC. ("Aarow"), by its undersigned counsel, responds to the Requests for Production of Documents propounded by Defendant, Nathan Velozo ("Mr. Velozo"), as follows:

<u>**GENERAL OBJECTIONS**</u>

     Aarow responds to each of the Requests subject to the General Objections set forth below. These General Objections form a part of each of Aarow's responses even though they may not be specifically referred to in every response to each Request. Failure to incorporate any of these General Objections into any specific response to a particular Request is not a waiver of that General Objection.

     1.     Aarow objects to each and every Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other privilege.

2.      Aarow objects to each and every Request to the extent that it seeks information which is already within the possession, custody, or control of Mr. Velozo or is generally available to Mr. Velozo, on the grounds that such Requests are unduly burdensome and oppressive.

3.      Aarow objects to each and every Request to the extent that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Aarow objects to each and every Request to the extent that it is vague, overly broad, unduly burdensome, and oppressive.

5.      Aarow objects to each and every Request to the extent that it seeks information that is not within Aarow's possession, custody, or control.

6.      Aarow objects to the Requests to the extent that they attempt to impose upon Aarow any obligation that is beyond the obligations imposed by the Federal Rules of Civil Procedure.

7.      Aarow objects to the Requests to the extent that they have subparts that exceed the number allowed by the Federal Rules of Civil Procedure and any applicable orders in this case.

8.      Aarow objects to each and every Request to the extent that it is so vague and overly broad so as to not provide sufficient specificity to enable Aarow to respond.

9.      Aarow objects to each and every Request to the extent that providing a response to the Request in light of Mr. Velozo's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and extreme expense.

10.     Aarow reserves the right to challenge the competency, relevance, materiality, and admissibility, and to object on any grounds to, the use of the information and/or documents provided hereby in any proceeding or trial of this action or any other action.

2

11.     These responses and objections are based upon information now known.  Aarow has not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and, therefore, reserves the right to amend, modify, or supplement its responses and objection as set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**     Any and all documents relating to communications between Arrow and the Defendants.

**RESPONSE:**  Aarow objects to this Request as unduly broad and overly burdensome.  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 2:**     Any and all documents relating to the existence of the civil conspiracy that Aarow has alleged in the Complaint.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 3:**     Any and all documents relating to each, any, or all of the Defendants' participation in the civil conspiracy that you have alleged in the Complaint.

**RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 4:**    Any and all documents relating to any participation in the civil conspiracy that Aarow alleged in the Complaint of or by persons other than named Defendants.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 5:**    Any and all documents relating to or supporting your claims of damages as a result of any of the claims asserted in the Complaint, including economic, business, and personal damages.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 6:**    All access logs and usage logs for computers, e-mail, and electronic devices for each of the Individual Defendants during the time period beginning from September 1, 2013 through the present.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol.  Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

**REQUEST NO. 7:**    All security measures, policies, and procedures in place to safeguard the Subject Information during the time period beginning from September 1, 2013 through the present.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 8:**    Any and all documents relating to the Subject Information's value, such as the development costs, benefits to the business, valuations, and premium features.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 9:**    Any and all documents relating to or supporting any of Aarow's claims that any of the projects specifically identified by the Court's Temporary Restraining Order [ECF No. 14 at 5, ¶ 1] entered into this case were procured by Tricore by wrongful conduct by any or all of the Defendants.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and

non-work-product documents requested electronically via online file transfer protocol.  Discovery

in this case is ongoing and any documents not discovered and hence not produced will be produced

when the same are acquired.

**REQUEST NO. 10:**  Any and all documents Aarow has relied on in developing, creating, or drafting its Subject Information, including any draft versions of the Subject Information.

      **RESPONSE:**  To the extent such documents exist, have not already been produced, and

are in Aarow's possession, custody or control, Aarow will produce all relevant, non-privileged and non-work-product documents requested electronically via online file transfer protocol. Discovery in this case is ongoing and any documents not discovered and hence not produced will be produced when the same are acquired.

Dated: November 8, 2022
/s/ Jeremy C.B. Wyatt_____
Jeremy C.B. Wyatt (#29715)
jwyatt@harrisonlawgroup.com

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,
Aarow Electrical Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November 2022, a copy of the foregoing Plaintiff,

Aarow Electrical Solutions, LLC's Responses to Defendant, Nathan Velozo's First Set of Requests

for Production were served by first-class mail, postage prepaid upon the following:

    David B. Hamilton, Esq.
    Hillary V. Colonna, Esq.
    Luke V. Cass, Esq.
    Womble Bond Dickinson LLP
    100 Light Street, 26th Floor
    Baltimore, MD 21202
    david.hamilton@wbd-us.com
    Hillary.Colonna@wbd-us.com
    Luke.Cass@wbd-us.com

    Counsel for Defendant,
    TriCore Systems, LLC

    Gregory L. Arbogast
    Gebhardt and Smith LLP
    One South Street, Suite 2200
    Baltimore, MD 21202
    garbogast@gebsmith.com

    Counsel for Defendants

                /s/ Jeremy C.B. Wyatt
                Jeremy C.B. Wyatt