EXHIBIT 6

LAW OFFICES

# GEBHARDT & SMITH LLP

SUITE 2200
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3281
TELEPHONE: (410) 752-5830
FACSIMILE: (410) 385-5119

VIRGINIA OFFICE:
8000 TOWERS CRESCENT DRIVE, SUITE 1350
VIENNA, VIRGINIA 22182
TELEPHONE: (703) 903-1686

DELAWARE OFFICE:
1000 N. WEST STREET, SUITE 1200
WILMINGTON, DELAWARE 19801
TELEPHONE: (302) 298-5028

WRITER'S DIRECT DIAL NUMBER:

410) 385-5112
Writer's Email:
garbogast@gebsmith.com

December 11, 2023

**SENT VIA EMAIL**
Eric B. Levasseur, Esq.
Hahn Loeser
200 Public Square, Suite 2800
Cleveland, OH 44114
eblevasseur@hahnlaw.com

Re: *Aarow Electrical Solutions, LLC v. Tricore Systems, LLC, et al.*

Dear Eric:

I write as a follow up to our conference on December 5, 2023 and to address what appears to be confusion as to the prior conferences and agreements of counsel and the scope of the Defendants' agreements as to discovery. Since there will be and have been separate electronic discovery needs for the different sets of discovery, I will address here, for the record, the 550,000 documents already produced by the Defendants in accordance with the Court's Temporary Restraining Order and Aarow's initial Request for Production of Documents; Aarow's discovery requests to the Defendants; Aarow's failure to produce a single document in response to Requests for Production propounded a year and two months ago, despite representations that those documents were being collected and will be produced; and the Requests Propounded on the Defendants by Aarow.

## 1. TRO – Order Discovery.

This case is not painted in the ordinary box of discovery in that Aarow requested, and was awarded by the Court, unfettered and complete production of all media owned and accessed by the Individual Defendants and Tricore that could, in any way, contain or discuss Aarow information, including laptops and cell phones.

1

GEBHARDT & SMITH LLP

[Dkt. 14 at pg. 6]. The Defendants complied with that Order and that request of Aarow. The Defendants immediately made available each of the Individual Defendants' laptops and cell phones and the laptop of Tricore's President for the creation of forensic images by Aarow. The actual creation of the forensic images occurred after the expiration of 24 hours because Aarow's e-discovery team was located out of state and was not able to schedule the collection within 24 hours, but the Defendants offered and made the devices available within 24 hours.

You state that the Parties did not meet and confer with regards to this production, but that is simply not true. Jeremy Wyatt and I conferred on a number of occasions, both by phone and by email. I suggest that you confer with Mr. Wyatt as to those discussions and agreements. In those discussions, I was concerned that if Aarow had unfettered access to Tricore's media, then Aarow would be able to access information that was privileged or truly personal. Mr. Wyatt, however, wanted unfettered access to **all** information contained on those devices – not limited by date restrictions and search terms – because, as he stated, the default under the Court's Order was that Aarow receive every single document and file on those devices without the Defendants' counsel reviewing, culling, or restricting those files. In fact, Mr. Wyatt stated on October 26, 2022, that if we did not agree on his demands with regards to the default production of every document, he was simply going to access the forensic images directly without our prior review. He was not wrong on those assertions. He had requested the devices in their entirety and the Court granted that request.

Nevertheless, after further discussions, Mr. Wyatt agreed to some of my requests and Mr. Wyatt and I reached an agreement. He would produce copies of the media devices to me without reviewing them first. I would have the first opportunity to review them. But, the default was that each and every document on those devices – whether relevant or not – would be produced for Aarow's review, unless the Defendants had a legitimate reason to withhold the document and, even then, Tricore would only be permitted to withhold a document that was privileged or truly personal, such as text messages with family or certain photographs. And, for each withheld document, I would have to be able to articulate the exact reason the document was withheld and my reason would be subject to an in camera review by that Court. In short, he wanted to invert the discovery relationship. He wanted the exercise to include receipt by Aarow of each and every Tricore document unless the document was truly personal or privileged, rather than only receive documents that were relevant and discoverable.

I understand that it may seem unwieldy to review each and every document on the media devices and to produce the entire devices to Aarow in discovery. I also understand that it would have been preferable to employ date restrictions and search terms to those devices. With those exact thoughts in mind, I asked during our many electronic discovery conferences if we could cull the data by date restrictions and

2

GEBHARDT & SMITH LLP

search terms, but my requests were rejected by Aarow. While we asked and much preferred to not have to review that volume of data prior to production, the Defendants were faced with an Order compelling the turnover of all of its devices without an opportunity to review and restrict documents in advance of that turnover. Mr. Wyatt was not obligated to oblige our request to review the documents first, but he graciously agreed to do so. But he did not afford us the ability to restrict the review using date restrictions and search terms. Therefore, we accepted Mr. Wyatt's offer to allow us to first review the media, provided we did not cull the data first with ordinary electronic discovery search protocol.

Contrary to your assertion that we put the cart before the horse and produced documents without engaging in reasonable restrictions – we tried to agree, but Aarow rejected those attempts. Therefore, we have produced approximately 550,000 documents, in accordance with Aarow's requests. We made those productions with impressive speed. Despite not receiving the forensic images until November 15, 2022; we produced all of Rick Steele's documents on December 21, 2022. We made a follow-up production of all of Tony Reyes's laptop documents on February 14, 2022. We produced the remainder of the documents we received on November 15, 2022 on July 20, 2023. Aarow has been in possession of those documents for almost a year and has confirmed that it has not undertaken a review of any of them – despite representing to the Court that the immediate 24-hour turnover of all devices was imperative and warranted emergency preliminary relief.

Aarow did not produce the forensic images of the remaining devices to us until October 12, 2023. We immediately reviewed and produced the files on those devices on December 6, 2023.

Aarow is now in possession of virtually all of Tricore's electronic documents – relevant or not, as Aarow had requested and the Court ordered. I understand that this will likely be a massive review on Aarow's part in the coming months. But Aarow should have been working on that review over the past year. And, again, it is what Aarow demanded. Of course, Aarow can review the data in any manner it sees fit, since it have virtual carte blanche access to almost all of Tricore's data and Aarow does not have to review every document. But it is Aarow's choice how it reviews Tricore's documents and not something that is subject to agreement between the parties.

## 2. The Defendants' discovery requests to Aarow.

The Defendants propounded Requests for Production of Documents on Aarow on October 5, 2022. You will note that those requests were propounded over a year ago. To-date, Aarow has not produced a single document in response to those Requests. The Defendants have asked, on multiple occasions, starting in November 2022, when Aarow would produce documents. Aarow has still failed to produce a

GEBHARDT & SMITH LLP

single document. Aarow simply said that it was collecting documents and would be producing documents responsive to the Requests.

After our discussion, it is now clear, that, contrary to Aarow's assertions to counsel, Aarow has not begun to undertake the collection of those documents for the Requests that were propounded a year and two months ago. If Aarow found those requests burdensome, it was invited, at any time, to meet and confer as to the scope of discovery or the collection of documents. You will note that, immediately before the actual requests, in all bold, centered type with a "NOTE" in all capital letters, that the Defendants were willing to meet and confer as to electronic discovery. But that did not appear necessary as, on November 8, 2022 (over a year ago), Mr. Wyatt stated that, "Aarow is collecting and preparing documents for production." It is now evident that statement was simply not true.

Now, over a year after the production was due, you request that the Defendants provide Aarow with proposed search terms and date restrictions in our conference. You also stated that you will not participate in this process of suggesting your own search terms and custodians because, "you will not do our discovery for us." This is disappointing and, of course, contrary to the guidelines of the Sedona Conference, which provide that "a responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms." This is, of course, because "the responding party generally is best situated" to know its own potentially discoverable documents.

Nevertheless, per your request and refusal to conduct the collection of documents that Aarow said it already had underway a year ago, the Defendants have prepared electronic discovery search protocol it would agree to on a Request-by-Request basis for the Requests propounded last month. You will note that, despite your assertion that this case requires significant electronic discovery, we disagree with that blanket statement. We agree that a significant amount of electronic discovery has already occurred and that Aarow may submit Requests for Production on the entities that will require significant electronic discovery on the part of the Defendants in the future. But you will note that the vast majority of the Requests propounded by the Defendants either seek: (1) documents supporting Aarow's claims or the elements thereof; or (2) specific and identifiable documents that can be accessed and produced without the aid of electronic discovery search limitations. As to documents supporting Aarow's claims, Aarow must simply produce the documents upon which it is relying to form the basis of the claims in its Amended Complaint. If it does not have any documents or does not produce any documents, then it simply cannot use those documents at a later date to support its claim. These are not requests that require electronic discovery limitations, they are simply requests to provide the Defendants the underlying basis of Aarow's claims. A number of the other

4

GEBHARDT & SMITH LLP

requests simply seek specific and identifiable documents, such as: (1) revenue generated from particular general contractors; (2) contracts with particular general contractors; (3) the contracts Aarow had with the Individual Defendants, and the like. These are not broad requests for all documents relating to a particular subject matter that require electronic discovery protocol. They are requests for specific documents that Aarow should be able to access and produce with ease.

The Defendants' willingness to now engage in the discussion that Aarow should have had a year ago when it represented that it was collecting and preparing documents for production should not be taken as Defendants' willingness to afford Aarow an indefinite time to produce documents. The Defendants expect prompt productions on a rolling basis, as those productions were due over a year ago, particularly in light of Aarow's representations that its collection was already underway and since most of the requests do not require electronic discovery limitations.

### 3. Aarow propounded document requests on the Defendants.

Aarow propounded limited document requests on the Defendants in November 2022. Aarow sent one set of Requests to each of the Individual Defendants and one request to Tricore. You will note that the Defendants have produced all documents possessed by all of the Individual Defendants, in addition to all documents possessed by Tricore's President. Therefore, the Defendants' production of documents to all pending requests are virtually complete.

There are certain limited requests to Tricore only for which documents have not yet been produced. Those Requests include the discussions about hiring each of the Individual Defendants; documents regarding hiring the Individual Defendants; and the internal discussions regarding creating an electrical division in Tricore. These are not requests that require a search protocol, as they are so limited and discreet that Tricore can simply gather the responsive documents (which it has done) and produce the responsive documents, which production it is preparing and will provide promptly.

There are no requests pending against any other entity. The Defendants explained on our conference that the Defendants have engaged in a collection of documents from other entities. The Defendants even expressed willingness to voluntarily produce documents it has collected, but the Aarow has not requested. But the Defendants are not willing to do so after Aarow stated its position that, "it will not do the Defendants' discovery for them." Discovery is a two-way street. Therefore, the Defendants will wait until there is a proper discovery request pending against various other entities to produce those entities' documents.

GEBHARDT & SMITH LLP

Aarow has stated that it will propound additional discovery on the Defendants. The Defendants will await that discovery and respond in turn.

On the call, you demanded that we disclose the protocol employed in the collection of documents from other entities. While we were willing to do so if Aarow would cooperate in the collection of Aarow's own documents by suggesting custodians and search terms, the Defendants will not do so in light of Aarow's intransigence. You stated that you are entitled to that information. The case law disagrees. *Romero v. Allstate Ins. Co.*, 217 F.R.D. 96 (D. Pa. October 21, 2010) (holding that the responding party was not required to disclose search protocol employed in the collection of documents before one was requested by the requesting party); *Franck v. New York Health Care Inc.*, No. 21CV4955GHWJLC, 2022 WL 471333, at *2 (S.D.N.Y. Feb. 16, 2022). And we are certainly not required to disclose the efforts of counsel to investigate claims by collecting documents from entities that are not subject to a current discovery request.

Nevertheless, if and when Aarow propounds discovery, we will confer as to that discovery and address the best means to proceed for collection and production.

In the interim, as stated in this letter, the Defendants to not intend to make further production of documents already produced to Aarow and the Defendants' expect Aarow to make prompt production of documents due over a year ago. Please advise when the Defendants can expect Aarow to make its initial production.

Sincerely,

Gregory L. Arbogast

6