## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| AAROW ELECTRICAL SOLUTIONS, LLC | * |
| Plaintiff, | * |
| v. | * |
| | Case No.: **8:22-cv-02363-JKB** |
| TRICORE SYSTEMS, LLC, *et al.*, | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM IN SUPPORT OF
### INDIVIDUAL DEFENDANTS' MOTION FOR SANCTIONS

Defendants Ralph David Hummer, Anthony Reyes, Candace Santos, Jonathon Steele, David Paul Taylor, John Taylor, Chad Tippett, Michael Wilson, and Nathan Velozo (collectively, the "Individual Defendants"), by counsel, respectfully submit this Memorandum in Support of Individual Defendants' Motion For Sanctions.

### <u>INTRODUCTION</u>

Aarow Electrical Solutions, LLC's ("Aarow") wanton disregard of the discovery process and wholesale failure to respond to discovery in any manner have frustrated the Individual Defendants' ability to obtain the necessary information for their defense, and the Individual Defendants are entitled to an order imposing sanctions against Aarow for its complete and total refusal to participate in the discovery process. Aarow's discovery failures are as follows:

1. Failure to produce a single document in response to the First Requests for Production of Documents served by the Individual Defendants on Aarow on October 5, 2022;

2. Failure to provide written answers to Interrogatories propounded by the Individual Defendants on Arrow on November 3, 2023; and

3. Failure to provide written responses and documents in response to Requests for Production served by the Individual Defendants on Arrow on November 3, 2023.

As a result of Aarow's discovery failures, the Individual Defendants have suffered material prejudice by failing to give the Individual Defendants the necessary information to prepare their defense. As sanctions, the Individual Defendants seek an order (i) declaring as a matter of law that Aarow has waived all objections to the Interrogatories and the Second Requests for Production[2]; (ii) compelling Aarow to provide full and complete written responses to the Interrogatories and Second Requests for Production within ten days; (iii) requiring Aarow to produce all responsive documents to the Second Requests for Production within ten days; and (iv) precluding Aarow from including any attorneys' fees and costs incurred in connection with this Motion and in responding to the Individual Defendants' Interrogatories and Second Requests for Production in any claim for attorneys' fees in this litigation.

---

[2] The specific Interrogatories and Requests for Production at issue are defined in detail below.

## BACKGROUND

Shortly after the inception of this case, the Individual Defendants propounded Requests for Production of Documents on Aarow on October 5, 2022 (the "First Requests for Production"). Collectively, Ex. 1. Aarow provided written responses on November 8, 2022, generally stating that it would produce all responsive documents to the First Requests for Production. Collectively, Ex. 2. On that same day, counsel for Aarow wrote an email stating that "Aarow is collecting and preparing documents for production." Ex. 3 (redacted to remove communication about mediation). To date, *over a year later,* Aarow has not produced a *single* document in discovery.

On July 20, 2023, counsel for the Individual Defendants inquired into the status of Aarow's document production. Aarow did not provide any documents in response to that email.

On November 3, 2023, the Individual Defendants propounded Interrogatories (the "Interrogatories") and additional Requests for Production of Documents (the "Second Requests for Production")[3] on Aarow. Collectively, Ex. 4. Aarow's written responses were due by December 4, 2023.

On November 22, 2023, counsel for Aarow promised to provide written responses in due course. Ex. 5. Aarow failed to do so.

On December 1, 2023, counsel for Aarow asked for a thirty-day extension of time to provide their discovery responses, which would make their responses due on

---

[3] The First Requests for Production, Second Requests for Production, and Interrogatories are collectively referred to herein as the "Discovery Requests."

January 3, 2024.  Counsel for the Defendants consented to the relief sought, but wrote that "I would just ask for a rolling production when and as certain categories of documents are available so we remain on track."  Ex. 6.  Aarow did not provide their discovery responses on January 3, 2024 and Aarow has not made any rolling production of documents.  To date, Aarow has not provided written responses.

On December 5, 2023, counsel for the parties met and conferred to discuss various discovery issues, including Aarow's obligation to provide written responses to the Interrogatories and the Second Requests for Production and Aarow's obligation to provide documents in response to the First Requests for Production propounded over a year prior.  Following that conference, Counsel for the Individual Defendants sent counsel for Aarow a letter confirming Aarow's discovery obligations and reiterating its expectation that Aarow will comply with its discovery obligations and produce documents promptly and on a rolling basis for the collection that Aarow had represented was under way over a year prior.  Ex. 7.  The Individual Defendants also provided date restrictions and search terms to help facilitate Aarow's collection and production.  Despite this concession, to date, Aarow has still not produced a single document or provided its written responses to discovery, much less provided the courtesy of a response to the Individual Defendants' December 11 letter (Ex. 7).

The Individual Defendants have been materially prejudiced by Aarow's failure to meaningfully participate in discovery.  The discovery deadline is less than three months away and Aarow has stonewalled the Individual Defendants from obtaining any information that would enable them to meaningfully depose witnesses, to identify

potential third party subpoenas, and to explore the bases for Aarow's claims and the relief it seeks in this litigation.  Additionally, pursuant to the Scheduling Order, the Individual Defendants will have to disclose their experts in a month and a half, but Aarow has denied the Individual Defendants access to the information necessary for their experts to develop and issue opinions.  In the initial conference with the Court, Aarow asked for expanded discovery, but this Court declined Aarow's request. Aarow's refusal to participate in discovery appears nothing more than its attempt to frustrate the discovery process and obtain, by wrongful means, the protracted litigation it sought at the initial conference, which the Court has already outright denied.

## **ARGUMENT**

Federal Rule of Civil Procedure 37(d) permits a party to move for immediate sanctions if another party fails to provide written responses to discovery requests. Fed. R. Civ. P. 37(d)(1)(A)(ii).  Sanctions under Rule 37(d) are available when a party fails to respond to interrogatories or requests for production.  *See, e.g.*, *Malry v. Montgomery Cty. Pub. Sch.*, No. 8:11-cv-00361-AW, 2013 WL 812020, at *2 (D. Md. Mar. 4, 2013) ("Rule 37(d)(1)(A) also provides that courts may order sanctions if a party fails to serve its answers, objections, or written responses after proper service with interrogatories or a request for production of documents").  Additionally, subsection (a)(3) of Rule 37 permits a party to move to compel the other party to produce responsive documents.

Aarow's refusal to timely provide any written responses whatsoever to the Individual Defendants' Second Requests for Production and Interrogatories; its failure to provide a single document in discovery, despite having more than a year to do so and despite the Individual Defendants' repeated demands for Aarow's production of documents and the efforts by their counsel to meet and confer and to help facilitate Aarow's collection and production of documents, justify an order imposing sanctions on Aarow under Federal Rule of Civil Procedure 37.

Additionally, Aarow should be compelled to produce all documents and provide full and complete written responses to the Individual Defendants' Interrogatories and Second Requests for Production within ten days of the entry of an order by this Court. This Court has previously entered orders compelling discovery responses within a similar time frame of an order compelling responses. *Parker v. StoneMor Partners, L.P.*, Civ. No. PJM 10-3229, 2012 WL 1106964 (D. Md. March 30, 2012). Furthermore, because Aarow failed to timely provide written responses to the Individual Defendants' Interrogatories and Second Requests for Production, Aarow has waived any objections to those discovery requests as a matter of law. "If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests . . . 'Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give license to litigants to ignore the time limits for discovery without any adverse consequences." *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).

In addition, Aarow has included a claim for attorneys' fees and costs in connection with its claim against the Defendants. Aarow should not be entitled to profit from its discovery failures, and any fees and costs incurred in connection with this motion or Aarow's compliance with any order entered by this Court thereon should be stricken from its claim for attorneys' fees and costs in this case. Otherwise, Aarow would simply be able to pass off the cost of its own failures on the Defendants.

## **CONCLUSION**

For all of the reasons set forth above, the Individual Defendants respectfully request that this Court enter an order: (i) declaring as a matter of law that Aarow has waived all objections to the Interrogatories and the Second Requests for Production; (ii) compelling Aarow to provide full and complete written responses to the Interrogatories and the Second Requests for Production within ten days; (iii) requiring Aarow to produce all documents responsive to the Second Requests for Production within ten days of the date of entry of the Order; and (iv) precluding Aarow from including any attorneys' fees and costs incurred in connection with this Motion and in responding to the Individual Defendants' discovery in any claim for attorneys' fees in this litigation.

Dated: January 13, 2024

*/s/ Gregory L. Arbogast*
Gregory L. Arbogast (Bar No. 29590)
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
(410) 385-5112
garbogast@gebsmith.com
*Counsel for Individual Defendants*

## <u>CERTIFICATION OF COUNSEL</u>

I HEREBY CERTIFY that, as set forth in detail in the above Certification of Counsel Pursuant to Local Rule 104.7 and in the foregoing Memorandum, the Defendants have engaged in the good faith efforts to obtain discovery from Aarow.


*<u>/s/ Gregory L. Arbogast</u>*
Gregory L. Arbogast