IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AAROW ELECTRICAL SOLUTIONS, LLC, | * | |
| *Plaintiff*, | * | |
| | | CIVIL NO.: 8:22-cv-02363-JKB |
| v. | * | |
| NATIONAL TECHNOLOGY INTEGRATORS, LLC, *et al.*, | * | |
| | * | |
| *Defendants*. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF AAROW ELECTRICAL SOLUTIONS, LLC'S COMBINED MEMORANDUM IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR SANCTIONS AND MOTION TO COMPEL

Plaintiff Aarow Electrical Solutions, LLC ("Aarow") hereby respectfully submits the following Combined Memorandum in Opposition to Defendants Ralph David Hummer, Anthony Reyes, Candace Santos, Jonathon Steele, David Paul Taylor, John Taylor, Chad Tippett, Michael Wilson and Nathan Velozo's (collectively, the "Individual Defendants")[1] Motion for Sanctions (ECF No. 100) and Motion to Compel (ECF No. 101) (collectively the "Motions"). Because the issues raised in the Motions are factually intertwined, in the interest of judicial economy Aarow will respond to both Motions in this Combined Memorandum.

---

[1] For purposes of clarity, while the Motion for Sanctions and Motion to Compel both utilize the defined term "Individual Defendants," the two Motions use the same term to define two separate groups. Specifically, Messrs. Ralph David Hummer, David Paul Taylor and Michael Wilson are not parties to the Motion to Compel. For the avoidance of confusion, Aarow will refer to the "Individual Defendants" as inclusive of the foregoing individuals, except to the extent they are not parties to the Motion to Compel.

15303453

Casting a blind eye to the procedural history of this case, the Individual Defendants' Motion for Sanctions and Motion to Compel seek to paint a picture of lengthy delays and Aarow's "wanton disregard" (Motion for Sanctions at 1; Motion to Compel at 1) and "total refusal to participate in the discovery process." (Motion for Sanctions at 1.) Hyperbole aside, this is simply not true. While Aarow readily acknowledges that work remains for ***all*** parties on ***both sides*** of the proverbial "discovery fence," Aarow has actively participated in the discovery process, requested to meet-and-confer on multiple occasions, and has, of its own volition, requested that the parties and Court schedule a conference to address reasonable and well-founded extensions of the current discovery-related deadlines. Aarow has made this request to ensure that all parties – the Individual Defendants included – suffer no alleged "material prejudice" (Motion for Sanctions at 2) in the preparation of their cases in this ESI-heavy dispute.    Indeed, in the course of finalizing this Memorandum the Court granted in part Aarow's Motion to Modify Scheduling Order and ordered all current deadlines in the case extended by two months. (ECF No. 105.) This further undercuts any argument regarding alleged prejudice to the Individual Defendants.

Rather than continue discussions to resolve ***all*** of the open discovery matters and cooperate in reasonable scheduling extensions, the Individual Defendants have opted instead to address these matters to the Court's attention through additional – and unnecessary – motion practice. Simply put, Defendants' Motions should be viewed for what they are: a thinly veiled strategy to deflect the Court's attention away from serious discovery and spoliation issues on the part of the Defendants by going on the offense asserting immaterial issues neither ripe for nor in need of judicial intervention. Indeed, knowing that Aarow shortly intends (as necessary) to address Defendants' (including the corporate Defendants') severe discovery failures, including apparent spoliated evidence in violation of the Court's earlier TRO Order (ECF No. 15.) (*See* ECF No. 102

2

(Aarow's request for a scheduling conference to address scheduling matters, including the impact of the alleged spoliation issue).) Defendants are seeking to divert the Court's attention by preemptively filing an unnecessary and premature discovery motion. Moreover, the Motion for Sanctions is fatally deficient as it fails to address the relevant factors set forth by the Fourth Circuit Court of Appeals in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) for determining whether to sanction a party for non-compliance with discovery obligations. The Individual Defendants also rushed to file the Motion for Sanctions relating to the Interrogatories and Second Requests for Production even though they have not yet filed a motion to compel responses to those discovery requests. Instead, the Individual Defendants seek an order compelling responses under the guise of the Motion for Sanctions.

Rather than engage in motion practice, Aarow has been attempting to resolve these issues with the Individual Defendants and without the need for judicial intervention. The Individual Defendants, obviously, have elected a different tack. Indeed, in the spirit of resolving these issues without Court intervention, Aarow intends to provide written responses to the Individual Defendants' Second Requests for Production and begin producing documents responsive to the First and Second Requests for Production by the end of the week of February 2, 2024. Aarow also intends to begin providing responses to the Interrogatories by February 2, and anticipates completing the process of responding to the Interrogatories no later than February 9. Accordingly, Aarow anticipates in good faith that the Motions will soon be rendered moot.

For these reasons and those addressed further below, Aarow respectfully requests that the Court deny the Motions in their entirety.

## I.    FACTUAL BACKGROUND

While the Motions seek to emphasize the extended duration of this case, it is important to note that the case has only truly been in active litigation since October 2023. As explained further below, for the first year of this litigation – from September, 2022 through October, 2023 – the parties were principally engaged in proceedings related to a temporary restraining order, multiple motions to dismiss and multiple motions to certify conflicts to Maryland state courts, not to mention preparations for a voluntary mediation on December 13, 2022. Indeed, for good reason, the Court did not hold the preliminary Case Management Conference in this action until October 11, 2023, at which time the first comprehensive scheduling order was issued in this action. (See ECF No. 88.)

On September 15, 2022, Aarow filed its Complaint against Defendants Tricore Systems, LLC ("Tricore"), Anthony Reyes, Candace Santos, Jonathon Steele, John Taylor, Chad Tippett, and Nathan Velozo, seeking damages and injunctive relief stemming from Defendants' alleged improper use of Aarow's trade secrets and/or confidential information, including, but not limited to, internal Aarow documents. (*See* ECF No. 1.) The same day, Aarow filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 2.) After the parties participated in a hearing on September 20, 2022, Judge Hazel granted Aarow's request for a temporary restraining order on September 21, 2022. (ECF No. 10.) The same day, Judge Hazel entered a Memorandum Opinion and Order which, *inter alia*, included the following orders: "All Defendants are required to preserve and return to Aarow all electronic devices and physical property belonging to or containing information belonging to Aarow[,]" and "[a]ll Defendants are required [to] turn over to Aarow's ESI team within 24 hours of the Court's order all media that has

4

been used to store or discus[s] Aarow trade secrets or proprietary information, including but not limited [to] cell phones and Tricore computers[.]" (ECF No. 14 at 6.)

After the temporary restraining order took effect, the parties began preparations for a preliminary injunction hearing. In conjunction with that potential preliminary injunction hearing, the Individual Defendants issued their First Requests for Production of Documents to Aarow on October 5, 2022. In e-mail correspondence dated November 8, 2022, counsel for Aarow stated his understanding that the goal for both sides' early discovery requests "was to provide documents in advance of any mediation and certainly well in advance of the preliminary injunction hearing. As the horizons for those events have moved farther, so have the production of documents." **Exhibit "A"** (November 8, 2022 Email from Wyatt to Arbogast). Counsel for the Individual Defendants responded the next day, writing that he wished to "ensure that we have sufficient information on a timely basis." *Id.* (November 9, 2022 Email from Arbogast to Wyatt). The preliminary injunction hearing was never held.

During the TRO process, Defendants were ordered to turn over various electronic devices used by certain Individual Defendants to Aarow. Aarow forensically imaged those devices, producing significant quantities of information from each device. Aarow then produced those images to the Defendants.

Later in October 2022, Tricore filed a Motion to Certify a Certain Question of Law to the Maryland Court of Appeals, as well as a Motion to Dismiss (ECF No. 25 and 33, respectively); the other defendants also joined the Motion to Dismiss. (ECF No. 35.) These motions were pending until April 2023, when the Court granted Aarow leave to file its First Amended Complaint and the First Amended Complaint was deemed filed as of April 12, 2023. (ECF No. 64.) The First Amended Complaint added new parties National Technology Integrators, LLC ("NTI"), Ralph

David Hummer, David Paul Taylor, and Michael Wilson, as well as adding claims for relief for aiding and abetting liability as well as expanding and clarifying factual allegations to address arguments raised in the Motions to Dismiss filed by Tricore and other defendants.

The filing of the First Amended Complaint rendered the defense motions moot, which the Court confirmed in an order on April 20, 2023. (ECF No. 66.) Tricore and NTI promptly filed a new Motion to Certify a Certain Question of Law to the Supreme Court of Maryland (the "Motion to Certify") (ECF No. 68), which the other defendants joined in (ECF No. 70). Tricore and NTI also filed a new Motion to Dismiss First Amended Complaint (the "Motion to Dismiss") (ECF No. 69), and Taylor filed a separate Partial Motion to Dismiss Amended Complaint as to David Taylor (the "Taylor Partial Motion to Dismiss") (ECF No. 71). These motions were pending until September 21, 2023, when the Court, *inter alia*, denied the Motion to Certify, granted in part and denied in part the Tricore and NTI Motion to Dismiss and denied the Taylor Partial Motion to Dismiss. (ECF No. 81.)

While the various defense motions were pending, counsel for the parties engaged in further correspondence regarding discovery in July and August 2023. In response to a query from Individual Defendants' counsel, counsel for Aarow advised on August 18, 2023 that his understanding was that the case was effectively "on pause" because the preliminary injunction hearing was never held and because of the Court's apparent preference to rule on the pending defense motions prior to doing anything else. **Exhibit "B"** (August 18, 2023 Email from Wyatt to Arbogast). Individual Defendants' counsel did not respond until October 2, 2023, in which he

did not dispute Aarow's counsel's statement that the case had been "on pause." *Id.* (October 2, 2023 Email from Arbogast to Wyatt).[2]

The Defendants finally answered the First Amended Complaint on October 5, 2023 (ECF No. 86), and the Court entered the current Scheduling Order on October 11, 2023. (ECF No. 88.) In accordance with the Scheduling Order, Aarow filed its Motion for Leave to File Second Amended Complaint (ECF No. 98) on January 11, 2024. Soon thereafter, on January 18,[3] Aarow filed its letter correspondence to the Court requesting a telephonic status conference to discuss extending the deadlines set forth in the Scheduling Order. (ECF No. 102.)

The Individual Defendants first filed the Motions as a combined Motion to Compel and for Sanction (ECF No. 97) on January 11, 2024; however, the Court denied the Motion to Compel and for Sanctions without prejudice the next day. (ECF No. 99.) The Individual Defendants then re-filed the Motions separately on January 13 and 15. (ECF No. 100 and 101.) The re-filed Motion to Compel now only seeks to compel production of documents in response to the Individual Defendants' First Requests for Production, propounded in October 2022, while the re-filed Motion for Sanctions now only seeks sanctions for Aarow's purported failure to comply with discovery

---

[2] While the October 2, 2023 e-mail from Individual Defendants' counsel references a link for "the remaining documents for production from the initial collection," it is important to note that this was not a production of documents in response to Aarow's discovery requests. Rather, the Individual Defendants "produced" Bates-labeled copies of the documents generated from Aarow's imaging of various electronic devices used by the Defendants—images which Aarow had provided to the Defendants. Thus, the Individual Defendants merely provided Aarow with Bates-labeled copies of documents Aarow already possessed. Furthermore, the scope of Aarow's discovery requests to the Defendants were broader in scope than merely the images of Defendants' electronic devices.

[3] Aarow's letter correspondence was first e-mailed to the Court on January 12, but at the direction of the Court was filed via ECF on January 18.

15303453

obligations relating to the Individual Defendants' Interrogatories and Second Requests for Production, propounded on November 3, 2023.

## II.     LEGAL STANDARD

As with other discovery matters, analysis of the Motion to Compel is entrusted to the sound discretion of the Court.  *See, e.g.*, *Braxton v. Jackson*, 782 Fed.Appx. 240, 244 (4th Cir. 2019) (affirming that district court did not abuse its discretion in denying motion to compel).

In determining whether to impose sanctions on a party for non-compliance with discovery obligations, the Court "should consider four factors: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Burns v. Buser*, No. JKB-18-3100, 2021 WL 1430722, at *1 (D. Md. Apr. 15, 2021) (citing *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)) (internal quotation marks omitted).

## III.    ARGUMENT

### A.    Aarow Has Sought to Comply With Its Discovery Obligations in Good Faith and in Accordance with the Procedural History of this Case.

The Individual Defendants' Motions elide crucial contextual information that shows that, contrary to their arguments, Aarow *has* significantly participated in the discovery process.  The goal of the early discovery proceedings in this action was to prepare for a preliminary injunction hearing which never ended up taking place.  The Motions admit that Aarow provided written responses to the First Requests for Production in conjunction with those efforts.  The November 8, 2022 e-mail from Aarow's counsel stated Aarow's position that the production of documents became less urgent due to the extended timeline for the anticipated preliminary injunction hearing

8

and mediation.  (*See* Ex. A.)  Crucially, the Individual Defendants' counsel ***did not dispute*** that position; rather, he merely requested production of documents "on a timely basis." (*Id.*)

As noted above, the Individual Defendants' arguments also belie the fact that Aarow has produced significant quantities of documents to the Individual Defendants in the form of the documents generated from Aarow's imaging of the Defendants' electronic devices.  Given the nature of Aarow's claims in this action, it is likely that these documents will consist of a significant part of any document production by Aarow in response to the First and Second Requests for Production.  The Individual Defendants implicitly conceded this fact by re-producing the imaged documents back to Aarow with Bates labels and referring to them as "productions."  Accordingly, contrary to the Individual Defendants' assertions, Aarow ***has*** provided significant information to the Individual Defendants in discovery.

Lastly, the Individual Defendants' own conduct has contributed to Aarow's inability to produce documents.  Both sides agree that this is an ESI and document-intensive case that will require agreement on an ESI protocol in order to ensure a successful and reasonably tailored discovery process.  **Exhibit "C"** (October 9, 2023 Email from Arbogast to Wyatt regarding agreement to meet-and-confer on an ESI protocol and parties' joint belief that "a protocol is necessary").  However, to date the parties have been unable to agreement on such a protocol.  Counsel for the parties engaged in a meet and confer intended to reach agreement on an ESI protocol on December 5, 2023, but were unsuccessful.  If and when counsel are able to agree on an ESI protocol, Aarow expects that it should be able to produce responsive documents shortly thereafter.  Without agreement on an ESI protocol, however, compliance with the Individual Defendants' First and Second Requests for Production will be overly burdensome and

9

disproportionate to the needs of the case.  This is one of the specific issues Aarow desires and intends to address at its requested status conference.

The Motions are also premature at this point because the claimed risks of prejudice to the Individual Defendants due to the allegedly delayed production of documents can be remedied by simply extending the current case-management schedule.  That is precisely what Aarow proposed in its recent correspondence to the Court as well as its Motion to Modify Scheduling Order.  (*See* ECF No. 102 at 2 ("In light of Aarow's recently-filed [Second Amended Complaint] as well as the impact of the potential spoliation issue and the parties' ongoing efforts to address various discovery matters, Aarow believes it is appropriate and good cause exists to discuss an extension of the deadlines in the Scheduling Order."); ECF No. 104.)  Indeed, the Defendants' response to Aarow's correspondence implicitly admitted this fact, noting that "an extension of the existing Scheduling Order may be necessary."  (ECF No. 103 at 3.)  Aarow disagrees with the Defendants' characterization of the circumstances and "obstructive conduct" referenced by Aarow, but the fact remains that both parties acknowledge that any claimed prejudice to the Individual Defendants can be resolved by an amended Scheduling Order.  The Court granted in part Aarow's Motion to Modify Scheduling Order and extended all current deadlines in the case by two months. (ECF No. 105.)  This extension removes any potential prejudice claimed by the Individual Defendants.

Lastly, comparison of the Individual Defendants' First Requests for Production with their Second Requests for Production[4] reveals significant similarities between the two sets of requests.

---

[4]  Defendants Reyes, Santos, John Taylor, Steel, Velozo, and Tippett each filed First Requests for Production on October 5, 2022, and Second Requests for Production on November 3, 2023.  Tellingly, each of the "Second" Requests for Production served in November 2023 were actually captioned as the defendant's "*First* Request for Production of Documents" to Aarow.  (Emphasis added.)

15303453

Each Individual Defendant's Second Requests for Production contains requests for production that are substantively identical to the requests contained in that Individual Defendant's First Requests for Production but-for minor wording changes.  This is relevant for several reasons.  First, it confirms that the Individual Defendants themselves viewed the First Requests for Production to be issued in conjunction with the early proceedings in the action, *i.e.*, the preparations for the potential preliminary injunction hearing and mediation.  When active litigation truly began in October 2023, the Individual Defendants felt the need to re-serve the same requests for production (with some minor changes), plus a few new requests, in their Second Requests for Production. Second, these similarities raise the possibility that serving the Second Requests for Production was a purposeful attempt by the Individual Defendants to circumvent the requirements of Local Rule 104.8(a).  That rule states that if a party is "is dissatisfied with the response to" interrogatories or requests for production of documents "and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel ***within thirty (30) days of the party's receipt of the response***."  (Emphasis added.)  Aarow provided written responses to the First Requests for Production on November 8, 2022, but the Individual Defendants did not serve a motion to compel within the 30-day time limit of Local Rule 104.8(a). Accordingly, re-serving requests substantially identical to the First Requests for Production under the thinly veiled guise of the Second Requests for Production is simply a way for the Individual Defendants to attempt to re-start the clock.

      **B.**    **The Individual Defendants' Request for Sanctions Should be Denied as Overbroad and Premature.**

The re-filed Motion for Sanctions clarifies that the Individual Defendants now seek sanctions only in relation to Aarow's purported failure to respond to the Interrogatories and Second Set of Requests for Production first propounded by the Individual Defendants a little over two

11

months ago, on November 3, 2023. The Motion for Sanctions also concedes that Aarow requested, and the Individual Defendants agreed to, a 30-day extension of the December 4 deadline for Aarow's responses, meaning the responses were due on or before January 3, 2024. Accordingly, Aarow's responses have potentially been outstanding, at most, for less than thirty days. Notwithstanding this brief period of time, the Motion for Sanctions asks for the drastic relief of declaring that Aarow has waived all objections to the Interrogatories and Second Requests for Production, compelling Aarow to provide written responses and all responsive documents within ten days of entry of a Court order regarding same, ***and*** precluding Aarow for recovering any attorneys' fees associated with responding to the Motion for Sanctions and in responding to the Interrogatories and Second Requests for Production.

The Motion for Sanctions fails to provide any justification for such drastic remedies under the four *Southern States* factors cited by this Court in *Burns v. Buser*. Analysis of those factors shows that sanctions are not warranted or appropriate in this instance. As to the first *Southern States* factor, the Individual Defendants failed to show that Aarow acted in bad faith. Even the cases cited in the Motion for Sanctions make clear that sanctions are a drastic remedy that should be imposed only in cases of extreme misconduct by a party. For instance, in *Malry v. Montgomery Cty. Pub. Sch.*, No. 8:11-cv-00361, 2013 WL 812020, at *2 (D. Md. Mar. 4, 2013) the court ordered discovery sanctions only after reasoning that "Plaintiff has completely disregarded the discovery process" and "Plaintiff has failed to meaningfully participate in the case[.]" *Id.* at *2. As argued above, the facts demonstrate that Aarow has not "completely disregarded the discovery process" or "failed to meaningfully participate in the case. Notably, in *Parker v. StoneMor Partners*, No. PJM 10-3229, 2012 WL 1106964 (D. Md. Mar. 30, 2012)—another case cited in the Motion for Sanctions—the court only awarded sanctions ***after*** the plaintiff failed to provide

12

items ordered by the court in response to a prior motion to compel. *Id.* at *2. Here, the Individual Defendants have not even filed a motion to compel responses to the Interrogatories and Second Requests for Production: they are skipping straight to demanding sanctions while simultaneously asking the Court (in the guise of the Motion for Sanctions) to order Aarow to provide written responses and responsive documents to the Interrogatories and Second Requests for Production.

As to the second *Southern States* factor, the Individual Defendants failed to show that Aarow's alleged non-compliance with discovery obligations has significantly prejudiced them. To the contrary, any alleged prejudice can be remedied by simply amending the case management schedule—which is exactly what Aarow proposed in its letter to the Court filed on January 18 and its Motion to Modify Scheduling Order, and what the Court agreed to do in its January 29 order. As to the third *Southern States* factor, there is no need for deterrence of this alleged non-compliance (if any), because once the parties agree on the ESI search terms and protocol—a process Aarow has been driving for some time—the likelihood of a recurrence of the alleged non-compliance is minimal. As to the fourth and final *Southern States* factor, the Individual Defendants fail to make any argument whatsoever regarding whether their requested sanctions are reasonable or appropriate. On this point it bears noting that the Motion for Sanctions misleadingly cites *Hall v. Sullivan*, 231 F.R.D. 468 (D. Md. 2005): while the quotations used in the Motion for Sanctions implies that discovery sanctions are mandatory, in fact the *Hall* Court held that the court has discretion. *Id.* at 474 (holding that failure to state objections to document request "with particularity in a timely answer . . . may constitute a waiver of grounds not properly raised, unless the court excuses this failure for good cause shown. . . . Having said that a waiver may result does

13

not mean that it must, as a court has broad discretion to decide on a case by case basis whether waiver is appropriate").[5]

The Individual Defendants' request for sanctions is also remarkable because many of the Individual Defendants themselves have engaged in the same conduct they complain of. Despite the fact that Aarow issued written discovery to the Defendants on November 8, 2022,[6] the Defendants did not provide written responses until December 12, 2023—more than *13 months later*. Even then, the Defendants did not provide any responsive documents with their written responses. To this day, the Defendants still have not produced any responsive documents in discovery other than Bates-stamped copies of the imaged documents from Defendants' electronic devices—which Aarow itself provided to them in the first place. Thus, the Individual Defendants are guilty of the same conduct which they accuse Aarow of. Notably, the Individual Defendants have never produced any e-mails from their personal e-mail accounts such as Yahoo or Gmail.

On a related note, the unusual timing of the Motions calls into question the Individual Defendants' motives in filing the Motions at this point in time. As noted above, the substantial similarities between the First and Second Requests for Production raise the possibility that serving the Second Requests for Production was merely an attempt by the Individual Defendants to circumvent and/or cure their prior failure to comply with the requirements of Local Rule 104.8(a). Aarow can only surmise that the Motions are the Individual Defendants' attempt to preempt the potential ESI spoliation issue the parties are currently attempting to resolve. As briefly discussed

---

[5] The Motion for Sanctions also misleadingly attributes the quoted language to the *Hall* opinion when, in fact, the quoted language was actually a parenthetical quotation from *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988).

[6] Discovery was not issued to Hummer, Taylor or Wilson because they were not added as party defendants until the First Amended Complaint in April 2023.

15303453

in Aarow's recent letter to the Court, Aarow has recently discovered evidence of potential spoliation of evidence by certain Defendants and/or their employees in contravention of preservation obligations, including but not limited to the Court's September 21, 2022 Temporary Restraining Order.  (*See* ECF No. 102, at 2.)  Aarow's initial correspondence to the Individual Defendants' counsel regarding that issue was dated December 21, 2023—leaving the Individual Defendants more than enough time to draft and file the Motions in an effort to distract the Court from potential forthcoming briefing regarding Individual Defendants' own potential discovery misconduct.

Notwithstanding the foregoing, Aarow takes its discovery obligations seriously and intends to begin providing written responses and responsive documents that will render the Motions moot in short order.  Aarow intends to provide written responses to the Individual Defendants' Second Requests for Production and begin producing documents responsive to the First and Second Requests for Production by the end of the week of February 2, 2024.  Aarow intends to begin providing responses to the Interrogatories by February 2, and anticipates completing the process of responding to the Interrogatories no later than February 9.  Accordingly, Aarow anticipates in good faith that the Motions will soon be rendered moot.

## IV.   CONCLUSION

For the foregoing reasons, Aarow respectfully requests that the Court deny the Motions in their entirety.

        Respectfully submitted,

        /s/ Rob R. Remington
        Jeremy C. B. Wyatt Bar No. 29715
        jwyatt@harrisonlawgroup.com

        HARRISON LAW GROUP
        40 W. Chesapeake Ave., Ste. 600
        Towson, Maryland 21204
        Tel: (410) 832-0000
        Fax: (410) 832-9929

        Royce R. Remington (OH #0040408)
        rrr@hahnlaw.com
        (*admitted pro hac vice*)
        Eric B. Levasseur (OH #0075353)
        eblevasseur@hahnlaw.com
        (*admitted pro hac vice*)

        HAHN LOESER & PARKS LLP
        200 Public Square, Ste. 2800
        Cleveland, Ohio 44114
        Tel: (216) 621-0150
        Fax: (216) 241-2824

        *Counsel for Plaintiff,*
        *Aarow Electrical Solutions, LLC*

15303453

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January, 2024, I caused a copy of the foregoing *Plaintiff Aarow Electrical Solutions, LLC's Combined Memorandum in Opposition to Individual Defendants' Motion for Sanctions and Motion to Compel* to be served on all counsel of record.

/s/ Rob R. Remington
*One of the Attorneys for Plaintiff*
*Aarow Electrical Solutions, LLC*

15303453