IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AAROW ELECTRICAL SOLUTIONS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-22-2363 |
| TRICORE SYSTEMS, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to File Under Seal Defendants' Motion for Summary Judgment ("Motion to Seal"). (ECF No. 182.) Defendants explain that the Motion for Summary Judgment should be sealed in its entirety because it "quotes from, discusses, and attaches various documents produced in this case" that have been designated as confidential pursuant to "the Stipulated Protective Order entered by the Court on September 27, 2022." (*Id.*) Defendants further explain that "Paragraph 15 of the Stipulated Protective Order requires that any filing containing Designated Material[1] be filed under seal. Thus, there is no alternative to sealing the motion that would maintain the confidentiality of the material as required by the Stipulated Protective Order. Nor is there an alternative procedural vehicle that would present the Court with this issue for resolution." (*Id.*) The Motion to Seal will be denied without prejudice.

As an initial matter, Defendants misstate the Protective Order. Paragraph 15 of the Protective Order does not, as Defendants contend, state that any filing containing designated material must be filed under seal. Rather, it requires that the designated material *itself* be filed

---

[1] The Protective Order defines "Designated Material" to include "documents, information, or material designated" as confidential by the parties. (ECF No. 17 ¶ 3.)

under seal, and only until further order of this Court. (*See* ECF No. 17 ¶ 15 ("Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of this Court.").) Paragraph 15 further provides that "[i]f a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions *shall be redacted to the extent necessary and the pleading or exhibits filed publicly with the Court.*" (*Id.* (emphasis added).)

Furthermore, the Defendants' Motion to Seal does not comply with Local Rule 105.11, which provides that any motion to seal "shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Defendants' entire argument is quoted above in the first paragraph of this Order. This is plainly insufficient, and does not explain why alternatives to sealing, such as redaction, would not provide sufficient protection, particularly given that the Protective Order itself contemplates redactions. Defendants' renewed motion must address alternatives to sealing.

Further, while the Protective Order may require that certain documents be filed by the parties under seal, the Court is under no obligation to maintain those documents under seal. Indeed, there is a "presumption of access accorded to judicial records" that can only be rebutted if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988); *see also Rushford*, 846 F.2d at 253 ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the

presumption."). Therefore, Defendants' renewed motion must also address why—separate from the Protective Order—the documents should be maintained by the Court under seal.

The parties will also be directed to meet and confer and, to the extent possible, agree on the appropriate sealing of or redactions to the Motion for Summary Judgment.

Accordingly, it is ORDERED that:

1. The Motion to Seal (ECF No. 182) is DENIED WITHOUT PREJUDICE.
2. The parties SHALL MEET AND CONFER regarding the appropriate sealing of the Motion for Summary Judgment (ECF No. 183).
3. Defendants SHALL FILE a renewed Motion on or before October 21, 2024.
4. The Clerk SHALL MAINTAIN UNDER SEAL the Motion for Summary Judgment (ECF No. 183).

DATED this __1__ day of ~~September~~ Oct., 2024.

BY THE COURT:

James K. Bredar
United States District Judge