IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AAROW ELECTRICAL SOLUTIONS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-22-2363 |
| TRICORE SYSTEMS, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Pending before the Court is Plaintiff Aarow Electrical Solutions' ("Aarow's") Motion to Compel Supplemental Production of Documents. (ECF No. 188.) The parties have complied with Local Rules 104.7 and 104.8, and the Motion is therefore ripe for resolution. Also pending is Aarow's Motion for Extension of Supplemental Rule 26(e)(2) Disclosures Deadline, (ECF No. 185), which Defendants have not opposed. That Motion is also now ripe for resolution. For the reasons that follow, both Motions will be granted.

I.  *Legal Standard*

Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Further, "[t]he scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *Carr v. Double T*

1

"The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted." *Bost v. Wexford Health Sources, Inc.*, Civ. No. ELH-15-3278, 2020 WL 1890506, at *8 (D. Md. Apr. 15, 2020) (citation and internal quotation marks omitted). A district court has "wide latitude in controlling discovery." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 323 (4th Cir. 2018) (citation and internal quotation marks omitted).

## II. Analysis

As is relevant for purposes of the pending Motions, Aarow alleges that the Defendants—which include National Technology Integrators, LLC ("NTI"), Tricore Systems, LLC ("Tricore"), and various individual defendants—used various means, including misappropriating trade secrets and confidential information as well as interfering with client contracts, to effectively steal a portion of its business. Veritas Consulting Group, LLC ("Veritas") is not a party to this case, but Tricore, NTI, and Veritas are affiliated entities. (*See, e.g.*, ECF Nos. 34, 67 (Defendants' Local Rule 103.3 Disclosure Statements).)

In its Motion to Compel, Aarow seeks financial information from Tricore, NTI, and Veritas. (*See generally* ECF No. 188.) In its Motion for Extension of Time, Aarow seeks an order extending the deadline for the parties' supplemental Rule 26(e)(2) disclosures, due to the instant discovery dispute. (*See generally* ECF No. 185.) Both Motions will be granted.

### A. *Tricore Financial Information*

Aarow seeks an order compelling Defendants to produce financial information regarding Tricore. (ECF No. 188 at 4–5.) In the briefing attached to the Motion, Defendants note that "Tricore is preparing and will be producing supplemental financial documents, including its

income statements; reports of direct job costs for electrical projects; additional over/under billing reports; and the revenue received and costs incurred with respect to its electrical projects," and that this production will moot Aarow's request. (ECF No. 188-2 at 4–5.) However, Aarow explains that it received this supplemental production, and that it was deficient because it "do[es] not include copies of Tricore's audited financial statements"; "do[es] not provide any financial information prior to 2022, despite the fact that Aarow requested information going back to 2019"; is "improperly limited to projects for which Defendant Steele acted as Tricore's 'Business Manager'"; and "ends on March 31, 2024, rather than continuing to the present." (ECF No. 188 at 5–6.) Defendants have not disputed this characterization.

Tricore's financial information is relevant to liability and damages, and the requested information is proportional to the needs of this case. For example, Aarow explains that its expert requires additional information regarding the benefits Tricore received "from the alleged misappropriation of Aarow's trade secrets and confidential and/or proprietary information [] to compute the unjust-enrichment damages Aarow is entitled to." (ECF No. 188-1 at 5.) Defendants have not met their burden of demonstrating why this discovery should not be permitted. For example, Defendants do not contend that this information is not relevant, nor do they argue that the burden of providing it outweighs its utility. Rather, Defendants argue that the Motion to Compel would be mooted by a subsequent production, (*see* ECF No. 188-2 at 4–5), but then provided an allegedly deficient production.

Accordingly, Defendants will be directed to make a further supplemental production of Tricore's financial information, as requested by Aarow.

### B. *NTI Financial Information*

Aarow seeks an order compelling Defendants to "produce supplemental documents

3

showing the complete financial picture of all of NTI's operations, rather than solely its electrical work with Tricore." (ECF No. 188 at 2–3.) Defendants argue that they will produce only "electrical-project-specific information from NTI." (ECF No. 188-2 at 6.) Defendants argue that NTI will not produce complete financial information because "a large portion" of the financial information is "wholly unrelated to the claims and defenses at issue in this case." (*Id.*) Defendants argue that Aarow's claims relate to the misappropriation of Aarow's electrical business, and that NTI is a low-voltage company for which the "only electrical revenue comes from subcontracting certain work to Tricore on isolated projects." (*Id.*)

Defendants present an overly narrow view of the appropriate scope of discovery, and do not meet their burden of demonstrating why the discovery should not be permitted. The information sought by Aarow is relevant, given that it "may be relevant to the claim or defense of any party." *See O'Malley v. Trader Joe's E., Inc.*, Civ. No. RDB-19-3273, 2020 WL 6118841, at *3 (D. Md. Oct. 15, 2020) (internal quotation marks and citation omitted); *see also Carr*, 272 F.R.D. at 433 ("[R]elevancy encompasses any matter that bears or may bear on any issue that is or may be in the case.").

Aarow alleges in the operative Complaint that NTI benefited from Tricore's misappropriation of Aarow's trade secrets or confidential information by "secur[ing] larger projects for itself with Tricore as its subcontractor." (ECF No. 106 at ¶ 48.) As Aarow explains, "[t]hese benefits would accrue to NTI as a whole, not merely its 'electrical' or 'non-electrical' divisions. Aarow did not allege that only some divisions of NTI benefited and not others; in fact, Aarow has no knowledge of the breakdown of NTI's business divisions or how NTI reports its financial information." (ECF No. 188-3 at 10.) In addition, Aarow's claims encompass broad allegations of unfair competition and other tortious business practices on the part of both NTI and

Tricore. (*See generally* ECF No. 106.)

Furthermore, Aarow presents ample evidence of the financial and logistical interconnectedness of NTI, Tricore, and Veritas. (*See* ECF No. 188-3 at 4–5.) This evidence supports the Court's conclusion that Defendants should not be permitted to limit the NTI financial information it produces. The Court agrees with Aarow that its requested discovery of NTI's financial information is appropriate, given that it "appears that Veritas, NTI, and/or Tricore have common business practices of coordinating efforts in bidding projects, coordinating efforts in performing projects, and using each other as needed to furnish the labor and/or materials for the project costs," and given that it is therefore "unclear to Aarow exactly how each entity shares or divides the profits received on these projects, particularly when the overarching contract exists under one entity, such as Veritas, and change orders are being performed by another entity, such as Tricore or NTI." (*Id.* at 6.)

Accordingly, Defendants will be directed to produce the NTI financial information requested by Aarow, not limited by Defendants' categorization of the information as electrical versus non-electrical.

### C. *Veritas Financial Information*

Aarow also seeks an order compelling the production of financial information from Veritas, arguing that NTI, Tricore, and Veritas are interconnected and that Veritas's financial information is therefore relevant to analyzing Tricore and NTI's conduct. (ECF No. 188 at 3–4.) Defendants argue that they "are not producing financial information related to Veritas because such information is not in their possession, custody or control" and because "the information is not relevant to any claim or defense." (ECF No. 188-2 at 7.)

Veritas' financial information is relevant. Defendants again present an overly narrow view

of the appropriate scope of discovery, and do not meet their burden of demonstrating why the discovery should not be permitted. Aarow seeks to uncover to what extent Defendants benefited from the alleged misappropriation, and Aarow points to evidence that reflects that Veritas' financial information likely contains evidence on that question. As Aarow describes in its briefing, there is evidence in the record that Tricore, NTI, and Veritas are financially interconnected. (*See* ECF No. 188 at 3.) Aarow also presents evidence that the three companies bid on projects interchangeably, and explains that "employees from any of the three companies might work on a bid for a project, even if the bid would ultimately be submitted only by one of the three companies." (*See* ECF No. 188-1 at 8.) The Court therefore finds that Veritas' financial information is discoverable, and that Defendants' arguments that Aarow is engaged in a fishing expedition are unavailing.

Further, Rule 34(a)(1) provides that a party may request that the opposing party produce documents that are within the party's "possession, custody, or control." "Control," in the Rule 34 context, does not "require a party to have legal ownership or actual physical possession of any [of the] documents at issue." *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 515 (D. Md. 2009) (citation omitted). Rather, "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (citation and internal quotation marks omitted). "Critical factors" in determining control "include the ownership of the nonparty, any overlap of directors, officers, and employees, and the financial relationship between the two entities." *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 563–65 (D. Md. 2006).

The Court concludes that Defendants have control over Veritas' financial documents. Veritas is an affiliated business of Tricore and NTI (as disclosed by Defendants in their Local Rule

103.3 disclosures), the three companies bid on projects interchangeably, and the three companies share common ownership. *See Steele Software*, 237 F.R.D. at 564. Defendants do not dispute any of these facts, but instead argue only that "Veritas's website does not mention NTI or Tricore," that the companies operate out of different addresses, and that the Temporary Restraining Order entered earlier in the life of this case did not extend to Veritas. (ECF No. 188-2 at 10–11.) Defendants' arguments miss the mark. That Veritas' website does not mention NTI or Tricore and that the companies operate out of different addresses are not dispositive of the more critical question of common ownership, which Defendants have not disputed. Further, that a TRO entered early in the life of this case did not mention Veritas says little about whether Defendants have control over the relevant documents.

Therefore, the Court finds that the Veritas financial information is relevant, and that Defendants have control over those documents. Defendants will be directed to produce the Veritas financial information requested by Aarow.

### III.   Conclusion

For the foregoing reasons, Aarow's Motion to Compel and Motion for Extension of Time will be granted.

DATED this __7__ day of November, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge