IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AAROW ELECTRICAL SOLUTIONS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-22-2363 |
| TRICORE SYSTEMS, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment on Counts I-IV of Plaintiff's Second Amended Complaint. (ECF No. 194.[1]) For the reasons that follow, the Motion will be granted in part and denied in part.

I. **Background**

Plaintiff Aarow alleges that the Defendants—which include National Technology Integrators, LLC ("NTI"), Tricore Systems, LLC ("Tricore"), and various individual defendants—used various means, including misappropriating trade secrets and confidential information as well as interfering with client contracts, to effectively steal a portion of its business. (*See generally* ECF No. 106.) Plaintiff brought several counts, among which are Count I alleging misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), Count II alleging misappropriation of trade secrets in violation of the Maryland Uniform Trade Secrets Act ("MUTSA"), Count III alleging aiding and abetting violations of the DTSA, and Count IV alleging aiding and abetting violations of MUTSA. (*Id.*) Defendants filed the instant Motion

---

[1] Defendants filed a sealed and unredacted version of the Motion (ECF No. 183) as well as an unsealed redacted version (ECF No. 194). The Court refers to the unsealed version herein.

seeking summary judgment on these four counts. (ECF No. 194.)

## II. Analysis

Defendants argue that summary judgment is appropriate with respect to Counts I and II because Plaintiff has failed to identify purported trade secrets with sufficient particularity, and with respect to Counts III and IV because aiding and abetting misappropriation of trade secrets is not a legally cognizable claim. The Court will deny the Motion without prejudice as to Counts I and II, and will grant the Motion with respect to Counts III and IV.

### A. Counts I and II

Defendants explain that summary judgment is warranted because Plaintiff has failed to identify the alleged trade secrets with particularity.[2] In particular, Defendants explain that Aarow provided a supplemental interrogatory response that "includes a list of 36 items that 'may' constitute or contain Aarow's alleged trade secrets. These 36 items incorporate *thousands* of documents, many of which are Defendant *Tricore's* documents, while many others are emails between Defendants and third parties, which do not reference Aarow or contain any information that could conceivably be considered a trade secret." (ECF No. 194 at 11.) Further, Defendants explain that "[t]o make matters worse, in addition to the 36 items . . . , Aarow also identifies as trade secrets several extremely broad categories of documents and information, which collectively represent, as Aarow itself puts it, the entire 'library of information generated, developed, and curated through [Aarow's] many years of operations.'" (*Id.* at 12.) This includes, for example, "[a]ll of Aarow's business processes" and "[a]ll of Aarow's business records." (*Id.* at 24 (internal quotation marks omitted).) Defendants argue that "[t]he law plainly rejects this type of vague and

---

[2] Defendants cite repeatedly to the Federal Judicial Center's Trade Secret Case Management Judicial Guide. (*See generally* ECF No. 194.) This document has no precedential value. The Court expects the parties to rely on case law—and, where available, binding case law—in their briefing.

sweeping identification of trade secrets." (*Id.*) Plaintiff responds that the Motion is premature, given that discovery is ongoing. (ECF No. 195 at 9–10.) Further, Plaintiff explains that, after Defendants filed the pending Motion, Plaintiff provided Defendants with supplemental information describing the alleged trade secrets in greater detail. (*Id.* at 11.) Plaintiff also argues that it has sufficiently identified the trade secrets at issue with particularity. (*Id.* at 15–28.)

"Summary judgment ordinarily is inappropriate 'where the parties have not had an opportunity for reasonable discovery.'" *Norris v. PNC Bank, N.A.*, Civ. No. ELH-20-3315, 2021 WL 5304012, at *3 (D. Md. Nov. 12, 2021) (quoting *E.I. de Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011)); *see also Minter v. Wells Fargo Bank, N.A.*, 593 F. Supp. 2d 788, 792 (D. Md. 2009) ("As a general rule, summary judgment is not appropriate prior to the completion of discovery." (citing *Webster v. Rumsfeld*, 156 Fed.Appx. 571, 575 (4th Cir. 2005))). Although a court may rule on a motion for summary judgment prior to the close of discovery, a court may also deny such motion as premature if it concludes that completion of discovery is appropriate. *Norris*, 2021 WL 5304012, at *3.

The Motion for Summary Judgment is premature, and will be denied without prejudice. As the foregoing makes clear, the parties have presented the Court with a moving target. Indeed, after Defendants filed the pending Motion, Plaintiff provided supplemental information regarding the alleged trade secrets at issue. Thus, Defendants' initial arguments are, at least partially, moot. Although Defendants describe Plaintiff's procedural arguments as "bizarre," the facts of this case demonstrate precisely why it is often appropriate for courts to defer ruling on summary judgment motions until after discovery is completed. Further bolstering the Court's conclusion that summary judgment on Counts I and II is premature is the fact that the parties themselves have recognized that significant additional discovery is needed, as they filed a consent motion for an

extension of time to complete discovery after the pending Motion and related briefing were filed. (*See* ECF No. 210 (joint motion seeking an extension of the discovery deadline from December 20, 2024 to March 31, 2025); ECF No. 211 (order granting that motion).)

However, the Court pauses to note its expectation that, at the summary judgment stage of this proceeding, Plaintiff will sufficiently identify the purported trade secrets at issue. Of course, "[i]t is axiomatic—and essential—that a plaintiff asserting a misappropriation of trade secrets claim identify their purported trade secrets with sufficient detail and precision." *Fyfe Co., LLC v. Structural Grp., Inc.*, Civ. No. CCB-13-176, 2016 WL 4662333, at *8 (D. Md. Sept. 7, 2016); *see also Structural Pres. Sys., LLC v. Andrews*, Civ. No. MJG-12-1850, 2014 WL 12738910, at *2 (D. Md. Mar. 26, 2014) ("[A] trade secret plaintiff does not identify its alleged trade secrets with reasonable particularity by merely listing products which it claims contain trade secrets, rather, the plaintiff must identify the trade secrets themselves."). "This must be done to allow the finder of fact to distinguish that which is legitimately a trade secret from other information that is simply confidential but not a trade secret, or is publicly available information." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 418 (E.D. Va. 2004). Thus, descriptions such as those provided on pages 23 through 25 of Defendants' Motion, such as "bidding documents from whatever source"; "[a]ll documents taken from Aarow's possession, care, custody or control by Defendants constitutes trade secrets in their synergistic whole even if some of those particular documents, in isolation, might not be trade secrets"; and "contract-performance documents which feedback into the library of information which Aarow relies upon when it refines and improves upon its bidding and estimating processes" (ECF No. 194 at 23–25), will simply not pass muster at the summary judgment stage of this proceeding.

### B. Counts III and IV

Defendants also move for summary judgment on Counts III and IV, which allege aiding and abetting violations of the DTSA and MUTSA, respectively. Defendants' Motion will be granted as to these two counts.

With respect to the DTSA, federal courts have converged upon the same conclusion, that there exists no aiding and abetting right of action under the statute. *See, e.g.*, *Power Home Solar, LLC v. Sigora Solar, LLC*, Civ. No. 20-00042, 2021 WL 3856459, at *10 (W.D. Va. Aug. 30, 2021) ("Congress neither established a crime for 'aiding and abetting' the theft of trade secrets nor created a private cause of action to enforce such a provision. Holding otherwise would read into the statute an additional private right of action that Congress never expressly provided."); *Hedgeye Risk Mgmt., LLC v. Dale*, Civ. No. 21-3687-ALC-RWL, 2023 WL 6386845, at *7 (S.D.N.Y. Sept. 29, 2023) ("Generally, courts have held that that conspiracy or secondary liability under the DTSA is not available as a private right of action, and thus a plaintiff must show that each defendant individually misappropriated at least one trade secret." (citation and internal quotation marks omitted)); *Credit Sage LLC v. Credit Wellness LLC*, Civ. No. 23-110-SWS, 2024 WL 99474, at *10 (D. Wyo. Jan. 9, 2024) ("Absent Congress' express provision to create a private right of action for aiding and abetting the misappropriation of trade secrets under the DTSA, this court cannot create such a private right of action *sua sponte*."); *Zebra Strategies, Inc. v. Gonzalez-Nazario*, Civ. No. 24-04146-GWG, 2025 WL 353411, at *9 (S.D.N.Y. Jan. 31, 2025) ("[T]here is no private cause of action under the DTSA for aiding and abetting misappropriation of trade secrets."). Plaintiff has cited no cases to the contrary (indeed, Plaintiff cites no authority at all), and the Court has identified none. Plaintiff suggests that the Court should wait until the parties have completed discovery because "[t]his case presents a textbook example of why aiding-and-abetting liability is

appropriate under the DTSA." (ECF No. 195 at 33.) However, a cause of action is either legally cognizable or it is not, and the particular facts of a case simply have no bearing on that question. Accordingly, summary judgment will be granted to Defendants with respect to Count III.

With respect to the MUTSA, Defendants argue that that no Maryland or federal court interpreting the MUTSA has recognized a claim for aiding and abetting a violation of the MUTSA, and that the MUTSA itself does not create a cause of action of aiding and abetting liability. (ECF No. 194 at 36–37.) Defendants also point to decisions interpreting other states' trade secret acts in support of their argument. (*Id.* at 37.) Plaintiff, without any citation to authority or supporting argument, counters simply that "the better interpretation of MUTSA is that it does *not* preempt aiding-and-abetting liability that was otherwise available at common law." (ECF No. 195 at 34 (emphasis in original).) The Court is persuaded by Defendants' argument.

While Maryland has recognized aiding and abetting liability for common law torts, "Plaintiff is not alleging that Defendants aided and abetted the commission of a tort. The allegation is that Defendants aided and abetted a statutory violation, which calls for a different analysis." *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008).

The MUTSA does not provide for aiding and abetting liability. Its definition of "misappropriation" expressly requires the acquisition or disclosure of trade secrets. Md. Code Ann., Com. Law § 11-1201(c). This alone requires the Court to find that there is no aiding and abetting liability. *See, e.g., Cent. Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 323 n.11 (Mo. 2014) ("The [Missouri Uniform Trade Secrets Act] expressly requires acquisition, disclosure, or use of a trade secret to show misappropriation. It contains no indication that 'aiding and abetting' someone else's misappropriation is enough to trigger liability."); *Control Module, Inc. v. Data Mgmt., Inc.*, Civ. No. 07-00475-AWT, 2007 WL 4333814, at *4 (D. Conn.

Dec. 10, 2007) ("[The Connecticut Uniform Trade Secrets Act] does not include within its definition of 'misappropriation' inducing, encouraging, aiding, or abetting another to misappropriate a trade secret.").

Further, the MUTSA contains an express preemption provision, which provides that the statute "displaces conflicting tort, restitutionary, and other law of this State providing civil remedies for misappropriation of a trade secret." Md. Code Ann., Com. Law § 11-1207(a). Given that the MUTSA is the exclusive statutory civil remedy for misappropriation of trade secrets, permitting a claim for aiding and abetting the misappropriation of trade secrets—when the statute itself provides for no such cause of action—would conflict with Maryland law. Other courts have concluded similarly. For instance, the Wyoming Uniform Trade Secrets Act ("WUTSA") contains the same provision. *See* Wyo. Stat. Ann. § 40-24-107 (providing that the WUTSA "displaces conflicting tort, restitutionary and other law of this state providing civil remedies for misappropriation of a trade secret"). A district court there explained that:

> [w]hen it enacted the WUTSA the Wyoming Legislature expressly and explicitly repealed any common law tort claim for misappropriation of trade secrets and established an exclusive statutory civil remedy for misappropriation of trade secrets. The text of the WUTSA makes no provision for an aiding and abetting misappropriation of trade secrets claim. *See* Wyo. Stat. Ann. § 40-24-101 *et seq.* Thus, a claim for aiding and abetting misappropriation of trade secrets would be inconsistent with Wyoming law.

*Credit Sage LLC*, 2024 WL 99474, at *11.

Further, the MUTSA provides that it "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this subtitle among states enacting it." Md. Code Ann., Com. Law § 11-1208. As indicated in the discussion above, courts in states that have implemented the Uniform Trade Secrets Act have concluded that there is no aiding and abetting liability.

Thus, the Court will grant Defendants' Motion as to both Counts III and IV.

## III.  Conclusion

For the foregoing reasons, the Court will deny the Motion for Summary Judgment without prejudice as to Counts I and II, and will grant the Motion with respect to Counts III and IV.

DATED this 27 day of February, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge