### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

AAROW ELECTRICAL SOLUTIONS, LLC,

      **Plaintiff,**

      **v.**

TRICORE SYSTEMS, LLC, et al.,

      **Defendants.**

**CIVIL NO. JKB-22-2363**

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Strike Serial Motions for Summary Judgment and Request for Expedited Briefing (ECF No. 247); the Court is in receipt of Defendants' Notice of Intent to Oppose (ECF No. 251). The Court will recast Plaintiff's Motion as an Opposition to Defendants' Motions for Summary Judgment, and will deny Defendants' Motions for Summary Judgment without prejudice, for the reasons that follow.

Pursuant to Local Rule 105.3, "memoranda in support of a motion… shall not exceed thirty (30) pages." Defendants, who are represented by common counsel in this matter, concurrently filed seven distinct motions for summary judgment on September 19, 2025, each with an unredacted counterpart: ECF Nos. 231/232, 233/234, 235/236, 237/238, 239/240, 241/242, and 243/244.[1] Defendants have not sought leave of the Court to exceed Rule 105.3's 30-page limit, but the memoranda in support of these motions comprise a total of 163 pages.

The Court recognizes that the Local Rules do not expressly address the filing of concurrent

---

[1] While captioned a Motion in Limine, ECF Nos. 243/244 principally provides arguments in support of Defendants' other motions for summary judgment, seeking to establish what evidence the Court can consider in evaluating those motions. The Court will therefore construe it as a further motion for summary judgment. Insofar as this Motion seeks to exclude evidence from consideration at trial, it is premature and can be refiled in anticipation of trial.

motions for summary judgment and that particularly complex cases may necessitate an extension of applicable page limits. Nevertheless, without having sought leave of the Court, Defendants have filed more than five times as many pages in support of a single outcome as are permitted in support of a motion. The Court, familiar as it is with the nature of the claims at issue in this case, does not find there is any particular reason why an extension of this magnitude would be necessary. Indeed, cases of greater complexity have been briefed within the limits established by the Local Rules. "The Local Rules of this Court are designed to provide for a consistent and logical briefing system that allows the Court to analyze and dispose of important matters fairly and efficiently. When, however, an unauthorized deluge of paper occurs, the Court is disabled in its ability to function in fairness to both sides." *Gross v. SES Americom, Inc.*, 225 F.R.D. 169, 171 (D. Md. 2004) (requiring parties to refile motions in excess of the Court's page limitation).

For the reasons above, it is hereby ORDERED that:

1. Plaintiff's Motion to Strike Serial Motions for Summary Judgment and Request for Expedited Briefing (ECF No. 247) is recast as an Opposition to Defendants' Motions for Summary Judgment (ECF Nos. 231–244).

2. Defendants' Motions for Summary Judgment (ECF Nos. 231–244) are DENIED WITHOUT PREJUDICE to the issues therein being raised pursuant to the process outlined below.

3. Defendants may move for summary judgment within fourteen (14) days of this Order but may file no more than two distinct memoranda in support thereof. The memoranda, taken together, may not exceed a total of forty-five (45) pages. Plaintiff shall have fourteen (14) days from the filing of Defendants' motion(s) to file any opposition thereto, and shall be limited to a memorandum of forty-five (45) pages. Defendants shall have seven (7) days to file no more than two replies in support of their motion(s), and shall be limited to

2

memoranda of no more than ten (10) pages, taken together.

4. Defendants must file any opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 245) within fourteen (14) days of this Order. Plaintiff's reply in support of its Motion for Partial Summary Judgment shall be limited to ten (10) pages.

DATED this 26 day of September, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

3